UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 1:19-cv-147 |
| v. | ) | U.S. District Judge Curtis L. Collier |
| | ) | |
| | ) | |
| REJON TAYLOR, | ) | |
| | ) | |
| Defendant. | ) | |

**REPLY IN SUPPORT OF
REJON TAYLOR'S BRIEF REGARDING THE APPLICATION OF
*UNITED STATES V. DAVIS* TO HIS CASE**

Rejon Taylor and the Government agree on three points: 1) If a predicate offense is not a crime of violence, then the elements of Section 924(c) are not satisfied (*see* Doc. 46, PageID 1648, n.3); 2) kidnapping is not a crime of violence (*id.*); 3) if kidnapping resulting in death is not a crime of violence under the force clause,[1] then *United States v. Davis* requires this Court to vacate Mr. Taylor's conviction on Count IV and set aside his capital sentence. *See id.* at PageID 1653, n.4.[2]

However, the Government takes a misguided detour to reach the legally untenable conclusion that the "resulting in death" element of 18 U.S.C. § 1201(c)

---

[1] 18 U.S.C. § 924(c)(3)(A).
[2] In its Response, the Government does not dispute Mr. Taylor's arguments that *United States v. Davis*, 139 S.Ct. 2319 (2019), effectively overruled the Sixth Circuit's decision in his case upholding his Section 924(c) convictions under the residual clause. *See* Doc. 43, PageID 1616-27. The Government also does not dispute that *Davis* applies retroactively. *See id.*, PageID 1622, n.2.

supplies the necessary *mens rea* to satisfy the force clause of 18 U.S.C. § 924(c)(3)(A). The Government ignores the Supreme Court's holding in *Leocal v. Ashcroft*, 543 U.S. 1 (2004), that the force clause requires a degree of intent higher than merely negligent or accidental conduct. *Leocal*, 543 U.S. at 9. Yet, similar to the statute considered in *Leocal*—which the Supreme Court determined was *not* a crime of violence—Section 1201(c) has no *mens rea* requirement. Furthermore, the Government cannot "import" the *mens rea* required for a predicate offense from capital *sentencing* provisions that are relevant only *after* the jury convicts a defendant of the crime charged in the indictment, as the Government suggests.

**I. Factors which are relevant only as to sentencing are not elements of the predicate offense and cannot supply the necessary *mens rea* to convert an otherwise non-qualifying crime into a crime of violence under the force clause.**

The Government contends that it can "import" a jury's findings as to the sentencing factors backwards from the penalty phase of a capital trial to satisfy the element of Section 924(c)(3)(A) in the guilt phase. This contention is wrong as a matter of law. Capital sentencing factors are not operative until a jury has found the defendant guilty of a crime. 18 U.S.C. § 3593(b) and (c). The Government must present and prove all elements of the crime charged beyond a reasonable doubt in the first phase of the trial. Only then does the trial move to the penalty phase where the jury must make certain findings beyond a reasonable doubt before imposing a sentence of death. *Id.* The Government cannot bootstrap the capital sentencing factors into the elements necessary in the guilt phase.

Thus, the Government's arguments on this point fail. *See* Doc. 46, PageID 1651.

## II. 18 U.S.C. § 1201(a), the predicate crime with which Mr. Taylor was charged, does not have the requisite *mens rea* to categorically qualify as a crime of violence.

In *Leocal*, the Supreme Court held that to categorically qualify as a crime of violence under either the force clause or the now-invalidated residual clause, the predicate crime must carry a *mens rea* higher than an accident or negligence. 543 U.S. at 9, 11. *Leocal* also made clear that a statute that "do[es] not require any mental state with respect to the use of force against another person … reach[es] individuals who were negligent or less." *Id.* at 13.

Here, the words of the kidnapping statute are plain. The Court need not look beyond it. The "resulting in death" element contains no *mens rea* requirement and thus the Government may prosecute those who, in the course of committing kidnapping, cause the death of the victim by accident or negligence. The Sixth Circuit has explained:

> [O]nly the most extraordinary showing of contrary intentions from [the legislative history] would justify a limitation on the "plain meaning" of the statutory language. When we find the terms of a statute unambiguous, judicial inquiry is complete, except in "rare and exceptional circumstances." *United States v. Johnson*, 855 F.2d 299, 305 (6th Cir. 1988) (quoting *Garcia v. United States*, 469 U.S. 70, 75 (1984)) . . . Because the plain language of the statute says simply "kills," and not "intentionally kills" or "murders," the settled principles of construction direct us to conclude that the legislature did not intend to add an additional scienter requirement to the killing component of the crime.

*United States v. Poindexter*, 44 F.3d 406, 408-09 (6th Cir. 1995).

3

Case law also makes clear that one can be prosecuted under federal statutes that contain the language "resulting in death" on the basis of accidental or negligent conduct. *See, e.g.*, *United States v. Mayhew*, 380 F. Supp. 2d 936, 959-60 (S.D. Ohio 2005) ("The Court finds that 18 U.S.C. § 1201, which states 'if the death of any person results, shall be punished by death or life imprisonment' does not require that the government prove *mens rea*. The language simply contains no indication that such proof is necessary.");[3] *see also United States v. McDuffy*, 890 F. 3d 796, 797-98 (9th Cir. 2018), *cert. denied* 139 S.Ct. 845 (2019) ("In 18 U.S.C. § 2113(e), Congress mandated an enhanced punishment for an individual who kills a person in the course of committing a bank robbery. We conclude the enhancement applies even when the bank robber *accidentally* kills someone.").[4]

The Government incorrectly argues that, despite the clear language of Section 1201 and the absence of a *mens rea* requirement, Mr. Taylor must nonetheless supply a case showing that the statute has actually been applied to prosecute accidental or negligent conduct resulting in death in order to demonstrate

---

[3] The Court should note that in *Mayhew,* the Government itself argued "that the 'death results' provision does not require a showing of either *mens rea* or proximate causation, and that had Congress intended either, it would have specifically stated as such." *Id.* at 958. The court in *Mayhew* held that the provision in Section 1201 does require proximate cause but has no *mens rea* requirement.

[4] Numerous cases have explained that the language "resulting in death" or "death results" requires only a showing of proximate cause. *See, e.g.*, *United States v. Guillette*, 547 F.2d 743, 748-49 (2d Cir. 1976); *United States v. Woodlee*, 136 F.3d 1399, 1405 (10th Cir. 1998); *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979); *United States v. Lewis*, 644 F. Supp. 1391, 1406 (W.D. Mich. 1986). Notably, that although the Government may argue that such holdings constrain prosecutors from winning or sustaining convictions under sentencing enhancements such as 18 U.S.C. § 924(c) and the ACCA, it is the very breadth created by the lack of intent in statutes with the "death results" language that permits the Government to prosecute these primary crimes – many of which permit the enhanced punishment of death for their violation – *without* having to prove an element of intent. See, for example, the statute in question, 18 U.S.C. § 1201(a) and 18 U.S.C. § 2113(e).

a "realistic probability" that the statute can be used in such a manner. The Sixth Circuit, however, has held that it merely needs to look at the plain language of the statute and/or pronouncements of courts that have applied the statute to determine whether the law contemplates the possibility of prosecution. *See, e.g., United States v. McGraham*, 504 F.3d 608, 614-15 (6th Cir. 2007) (where Sixth Circuit looked to both statutory language and Ohio court decisions to find "realistic probability" that statute would be applied in a broad manner and even where no case explicitly addressed the situation nor where Ohio had prosecuted someone for it, so long as the law contemplated the possibility, a realistic probability was demonstrated); *United States v. Lara*, 590 F. App'x 574, 584 (6th Cir. 2014) (rejecting argument that defendant must point to actual prosecutions so long as the "meaning of the statute" is "plain" or "state-court cases . . . suggest that a statute applies to nongeneric conduct.").[5]

And, as noted above, the Government has, in fact, prosecuted someone for bank robbery resulting in death when the death in question was accidental. *United States v. McDuffy, supra.* Thus, the Government's own prosecutorial decisions supply the "realistic probability" that it will use Section 1201 to criminalize accidental or negligent death that results from kidnapping. *See Moncrieffe v. Holder,* 569 U.S. 184 (2013).

---

[5] *See also Hylton v. Sessions*, 897 F.3d 57 (2d Cir. 2018) ("[t]here is no ... requirement" that the defendant "'point to...cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues'" where the "'statutory language itself...creates the realistic probability that a state would apply the statute to conduct beyond the generic definition.'" (quoting *Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007); *Ramos v. U.S. Att'y Gen.,* 709 F.3d 1072 (11th Cir. 2013)).

Finally, neither this Court's decision in *United States vs. Verwiebe,* 874 F.3d 258, 261-62 (6th Cir. 2017), nor the Supreme Court's decision in *Voisine*, does anything to change the outcome here. Both cases required a *mens rea* of at least recklessness, whereas 18 U.S.C. § 1201 does not.[6]

### Conclusion

For the foregoing reasons and those in Mr. Taylor's initial brief, this Court should set aside Rejon Taylor's conviction in Count IV, and vacate his death sentence, pursuant to *United States v. Davis*.

Dated: May 15, 2020

Respectfully Submitted,

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit

/s/ Amy D. Harwell
Amy D. Harwell, BPR # 018691
Assistant Chief, Capital Habeas Unit
Office of the Federal Public Defender for
the Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis Hoag
Alexis Hoag

---

[6] Even a *mens rea* requirement of recklessness is on the table. On March 2, 2020, the Supreme Court granted certiorari in *Borden v. United States*, 140 S.Ct. 1262 (Mar. 2, 2020), to consider the question raised in the Sixth Circuit, challenging the holding in *Verwiebe*: "Does the 'use of force' clause in the Armed Career Criminal Act (the 'ACCA'), 18 U.S.C. § 924(e)(2)(B)(i) encompass crimes with a *mens rea* of mere recklessness?" *See* Brief of Petitioner Charles Borden, Jr., at ii, *Borden v. United States*, No. 19-5410. The outcome of this case may strengthen Mr. Taylor's argument; it will not diminish it.

6

Practitioner in Residence
Eric H. Holder Initiative for Civil &
Political Rights
Columbia Law School
435 W 116th Street, Rm 605
New York, New York 10027
Tel: (212) 854-2619
alexis.hoag@law.columbia.edu

/s/ Patricia Okonta
Patricia Okonta
Skadden Fellow
NAACP Legal Defense and
Educational Fund, Inc.
40 Rector Street, 5th Floor
New York, New York 10006
Tel: (212) 965-2200
Fax: (212) 226-7592
pokonta@naacpldf.org

*Counsel for Movant*

7

## CERTIFICATE OF SERVICE

I certify that on the 15th day of May 2020, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel record.

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
kelley_henry@fd.org
