UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

REJON TAYLOR,           )
                        )
    Petitioner,         )
                        )
v.                      )   No. 1:19-CV-147-CLC-CHS
                        )
UNITED STATES OF AMERICA, )
                        )
    Respondent.         )

**O R D E R**

Petitioner's 28 U.S.C. § 2255 capital habeas corpus proceeding is before the Court on its *sua sponte* review of the record and the parties' respective briefs regarding the application of *United States v. Davis*, 139 S. Ct. 2319 (2019).[1] [*See* Docs. 43, 46, & 49]. In their briefs, the parties move the Court to decide a matter of first impression in this circuit: whether kidnapping resulting in death under 18 U.S.C. § 1201(a)—the predicate offense underlying Petitioner's firearms conviction—is a crime of violence under 18 U.S.C. § 924(c)'s elements clause.[2] The elements clause under § 924(c) defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened *use of physical force* against the person or property of another[.]" § 924(c)(3)(A) (emphasis added).

---

[1] In *Davis*, the Supreme Court invalidated the residual clause under 18 U.S.C. § 924(c) as unconstitutionally vague. 139 S. Ct. at 2336.

[2] Under count three, Petitioner was charged with and convicted of kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a). [*See* 1:04-cr-160, Doc. 1 at 3; Doc. 670 at 2]. Under count four, he was charged with and convicted of murder through use of a firearm during and in relation to a crime of violence, *i.e.*, kidnapping resulting in death under § 1201(a), in violation of 18 U.S.C. § 924(c)(1)(A)(iii) and 18 U.S.C. § 924(j)(1). [Doc. 1 at 4; Doc. 670 at 2]. The Government appears to agree with Petitioner that, should the Court decide Petitioner's conviction under count four is invalid, "resentencing would be necessary[] because the jury returned a single verdict for all of [Petitioner's] convictions." [Doc. 46 at 9 n.4].

In their briefs, the parties dispute whether kidnapping resulting in death under § 1201(a) involves the "use of physical force" necessary to qualify as a crime of violence under § 924(c)'s elements clause. § 924(c)(3)(A). Petitioner argues, *inter alia*, that kidnapping resulting in death under § 1201(a) does not satisfy § 924(c)'s elements clause because "crimes that can be committed *recklessly* . . . cannot qualify as crimes of violence." [Doc. 43 at 14 (emphasis added)]. However, the Government responds that kidnapping resulting in death under § 1201(a) is a crime of violence under § 924(c)'s elements clause because Petitioner's argument that "crimes satisfied by reckless conduct categorically do not include the use of physical force simply does not hold water after *Voisine v. United States*, 136 S. Ct. 2272 (2016)." [Doc. 46 at 5 (quoting *United States v. Verwiebe*, 874 F.3d 258, 264 (6th Cir. 2017) (internal quotation marks omitted))].

On March 2, 2020, the Supreme Court, in *Borden v. United States*, __U.S.__, 140 S. Ct. 1262 (2020), granted *certiorari* to determine whether a felony offense involving recklessness satisfies the "use of physical force" element under the Armed Career Criminal Act's ("ACCA") elements clause.[3] 18 U.S.C. § 924(e)(2)(B)(i). The ACCA's elements clause, similarly worded to § 924(c)'s elements clause, defines "violent felony" as any crime that "has as an element the use, attempted use, or threatened use of physical force against the person of another[.]" *Id*. In *Johnson v. United States*, 559 U.S. 133, 140 (2010), the Supreme Court has defined "physical force" under the ACCA's elements clause as "*violent* force . . . capable of causing physical pain or injury to another." Relying on *Johnson*, the Court of Appeals for the Sixth Circuit has interpreted "physical force" under § 924(c)'s elements clause to also mean "'*violent* force'—that is, force capable of causing physical pain or injury to another person." *United States v. Rafidi*, 829 F.3d 437, 445 (6th Cir. 2016) (quoting *Johnson*, 559 U.S. at 140); *see Manners v. United States*, 947 F.3d 377, 380

---

[3] The Supreme Court heard oral argument on November 3, 2020.

(6th Cir. 2020) (stating that "physical force" under § 924(c)'s elements clause "means *violent* force" (quoting *Johnson*, 559 U.S. at 140)); *Knight v. United States*, 936 F.3d 495, 499 (6th Cir. 2019) (applying *Johnson*'s definition of "physical force" in the ACCA context to define "crime of violence" under § 924(c)'s elements clause).

In light of the Supreme Court's pending decision in *Borden v. United States*, __U.S.__, 140 S. Ct. 1262 (2020), courts have stayed § 2255 proceedings in which the issue before them is whether the predicate offenses underlying the petitioners' § 924(c) firearms convictions qualify as crimes of violence under § 924(c)'s elements clause. *See, e.g.*, *United States v. Thompson*, No. 14-302(MJD), 2020 WL 5798514, at *3 (D. Minn. Sept. 29, 2020) (staying the petitioner's § 2255 proceeding pending a decision in *Borden*, 140 S. Ct. 1262, because "that decision may impact the merits of Petitioner's motion"); *Broncheau v. United States*, No. 3:16-cv-269-BLW, 2020 WL 3086238, at *2 (D. Idaho June 10, 2020) (stating that "there is a high likelihood that resolution of *Borden* . . . will have a direct impact" on the petitioner's case).

A district court has "broad discretion to stay proceedings as an incident to its power to control its own docket." *Clinton v. Jones*, 520 U.S. 681, 683 (1997) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)); *see Monaghan v. Sebelius*, No. 12-15488, 2013 WL 3212597, at *2 (E.D. Mich. June 26, 2013) ("[I]t would be at odds with the notion of judicial economy for this Court to proceed in this case and risk reaching an ultimate resolution that is inconsistent with precedent the Sixth Circuit creates shortly thereafter."); *see also Spano v. Boeing Co., Emp. Benefits Plans Comm.*, No. 06-cv-743-DRH, 2007 WL 2688456, at *2 (S.D. Ill. Sept. 10, 2007) (staying proceedings *sua sponte*). When considering a stay pending the resolution of another action, "the court need not find that two cases possess identical issues; a finding that the issues are substantially similar is sufficient to support a stay." *Broncheau*, 2020 WL 3086238 at *2 (citing

*Landis*, 299 U.S. at 254). For the foregoing reasons, the parties are **ORDERED**, within **fourteen days** of this Order's entry, to notify the Court of whether they oppose a stay of this action pending the Supreme Court's decision in *Borden v. United States*, __U.S.__, 140 S. Ct. 1262 (2020).

    **SO ORDERED.**

    **ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**