**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

| | |
|---|---|
| REJON TAYLOR, | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 1:19-cv-147-CLC-CHS |
| v. | ) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

## <u>ORDER</u>

On March 9, 2021, the Court stayed Petitioner's case pending the Supreme Court's decision in *Borden v. United States*, 141 S. Ct. 1817 (2021).[1]  [*See* Doc. 52].  The Supreme Court rendered its decision in *Borden*, holding that a criminal offense requiring only a *mens rea* of recklessness cannot qualify as a crime of violence under the elements clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(i).

Prior to the Supreme Court's decision in *Borden*, the parties briefed this Court on whether *United States v. Davis*, 139 S. Ct. 2319 (2019)—in which the Supreme Court held the residual clause under 18 U.S.C § 924(c) is unconstitutional—governs this case.  In their briefs, the parties dispute whether Petitioner's § 924(c) firearms conviction under count four and resulting death sentence can still stand in light of *Davis*.  According to Petitioner, his conviction under count four is invalid and must be vacated because kidnapping resulting in death under 18 U.S.C. § 1201(a) is not a crime of violence under the elements clause of § 924(c).  [Doc. 43 at 7].  According to Respondent, Petitioner's conviction under count four can still stand because kidnapping resulting

---

[1] The parties notified the Court in their joint response to the Court's February 17, 2021, Order that they did not oppose a stay of this action pending the Supreme Court's decision in *Borden*.  [*See* Docs. 50, 51].

in death under 18 U.S.C. § 1201(a) is a crime of violence, arguing, in part, that recklessness is sufficient to satisfy the elements clause of § 924(c). [*See* Doc. 46 at 5 (stating that "the Sixth Circuit—whose decisions bind this Court—has unequivocally held that the argument that crimes satisfied by reckless conduct categorically do not include the use of physical force simply does not hold water after *Voisine v. United States*, 136 S. Ct. 2272 (2016)" (internal quotation marks omitted) (citing *United States v. Verwiebe*, 874 F.3d 258, 264 (6th Cir. 2017)))].

The parties are hereby **ORDERED** to submit supplemental briefs in light of the Supreme Court's decision in *Borden* and explain how this decision may have an impact on their respective positions.[2] Petitioner **SHALL** file his supplemental brief within **fourteen days** of entry of this Order. In accordance with the Court's local rules, Respondent **SHALL** file their supplemental brief within **seven days** after service of Petitioner's supplemental brief. [*See* E.D. Tenn. L.R. 7.1(d)].

**SO ORDERED.**

**ENTER:**

/s/_____
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Petitioner noted in a footnote in his reply brief addressing *Davis*'s application to his case that "[t]he outcome of this case [*Borden*] may strengthen . . . [his] argument; it will not diminish it." [Doc. 49 at 6 n.6].