IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| REJON TAYLOR, | ) | |
| | ) | |
| Movant, | ) | |
| | ) | |
| v. | ) | Case No. 1:19-cv-00147-CLC |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| *Respondent.* | ) | |

## MOVANT'S BRIEF REGARDING THE APPLICABILITY OF
### *UNITED STATES V. BORDEN*

On November 1, 2021, this Court ordered Movant Rejon Taylor to submit briefing, explaining the applicability of *Borden v. United States,* 141 S. Ct. 1817 (2021) to his claim that his conviction for use of a firearm during or in relation to kidnapping resulting in death (Count 4) is unconstitutional and requires this Court to vacate his conviction and the resulting death sentence. In *Borden,* the Supreme Court held that an offense does not constitute a crime of violence if its mens rea requirement may be satisfied by mere reckless behavior. Because kidnapping resulting in death can be accomplished recklessly, it does not qualify as a crime of violence. Thus, this Court must vacate Mr. Taylor's conviction on Count 4.

Moreover, because the jury rendered only a single omnibus sentence, this Court must also set aside Mr. Taylor's death sentence, a point which has been addressed in earlier briefing to this Court.

1

## INTRODUCTION

In 2008, a jury convicted Mr. Taylor of four offenses: (1) carjacking resulting in death pursuant to 18 U.S.C. § 2119; (2) use of a firearm during and in relation to carjacking, resulting in death, pursuant to 18 U.S.C. §§ 924(c) and (j); (3) kidnapping resulting in death, as defined by 18 U.S.C. § 1201(a); (4) use of a firearm during and in relation to kidnapping, resulting in death pursuant to 18 U.S.C. §§ 924(c) and (j). R. 670. A jury sentenced Mr. Taylor to death without identifying a particular count to which it was attaching the death sentence, or whether it was recommending death on the basis of one or more than one of his convictions. R. 789.

Mr. Taylor appealed to the Sixth Circuit, arguing, *inter alia*, that his firearms convictions were invalid based on *Johnson v. United States*, 576 U.S. 591 (2015), which held that the residual clause of the Armed Career Criminal Act (the ACCA) is unconstitutionally vague, and that convictions imposed under the ACCA's residual clause must be vacated. Mr. Taylor argued that he was convicted of offenses under 18 U.S.C. § 924(c), the residual clause of which is functionally identical to that of the ACCA, and that *Johnson* should therefore require that his convictions likewise be invalidated. The Sixth Circuit disagreed, believing that the ACCA was more narrowly drawn than Section 924(c), rendering *Johnson* inapplicable. It, therefore, declined to grant relief.[1]

---

[1] Section 924(c)(3) enhances criminal penalties for individuals convicted of using a firearm in the commission of a felony that constitutes a "crime of violence." 18 U.S.C. § 924(c)(3). The statute defines a crime of violence as an offense that:

In 2019, Mr. Taylor filed a motion for relief pursuant to 28 U.S.C. § 2255, again arguing that his convictions under Section 924(c) were constitutionally deficient. Thereafter, in 2019, the Supreme Court decided in *United States v. Davis*, 139 S. Ct. 2319, 2336 (2019), that the residual clause of § 924(c) was indeed unconstitutional. At this Court's request, the parties then briefed the applicability of *Davis* to Mr. Taylor's Section 924(c) convictions and sentence. R. 43; R. 46; R. 49.

On June 10, 2021, the Supreme Court decided *Borden v. United States*, 141 S. Ct. 1817 (2021). In *Borden,* the Court held that violence that results from reckless conduct is insufficient to satisfy the elements clause and, hence, offenses that can be committed by the reckless use of physical force categorically fail to qualify as crimes of violence. Following the issuance of *Borden*, this Court ordered the parties to brief its applicability to Mr. Taylor's case. R.53 (noting that the

---

(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, [commonly referred to as the" elements" or "force" clause] or

(B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense," [commonly referred to as the residual clause].

18 U.S.C. § 924(c)(3)(A)–(B).

Section 924(j) provides that individuals who violate Section 924(c) and cause the death of another shall be punished "by death or by imprisonment for any term of years or for life." 18 U.S.C. § 924(j)(1). In other words, a defendant must first be found guilty under Section 924(c) before they can be deemed death eligible under Section 924(j). Thus, if a charged offense is not a crime of violence pursuant to Section 924(c), a defendant cannot be found guilty of Section 924(j) or eligible for a death sentence under that provision.

dispute between the parties is limited to whether conviction under count 4 can still stand because of the government's position that "kidnapping resulting in death under 18 U.S.C. § 1201(a) is a crime of violence, arguing, in part, that recklessness is sufficient to satisfy the elements clause of Section 924(c)").[2]

Applying *Borden* here requires the vacatur of the Section 924(c) conviction in Count 4 of the indictment because the offense of kidnapping resulting in death can be committed recklessly, and therefore, is not a crime of violence pursuant to Section 924(c).

## ARGUMENT

I.   **Kidnapping resulting in death is not a crime of violence under the elements clause of 18 U.S.C. § 924(c).**

This Court is already familiar with the holdings of *Johnson* and *Davis,* finding the residual clauses of the ACCA and 18 U.S.C. § 924(c), respectively, unconstitutionally vague. As this Court knows, a conviction for use of a firearm in connection with a crime of violence under Section 924(c) offense can only be upheld, post-*Davis*, under the remaining elements clause, which requires the following:

First, to determine whether a predicate offense qualifies as a crime of violence under the elements clause, reviewing courts must use the categorical approach. *Descamps v. United States*, 570 U.S. 254, 260–61 (2013); *see generally Taylor v. United States*, 495 U.S. 575, 591 (1990). This approach requires that

---

[2] Though the Court has ordered the parties to brief the applicability of *Borden* to count four, *Borden* applies equally to count two for the reasons discussed in footnote 5 below.

courts "look only to the statutory definitions—i.e., the elements—of a defendant's [offense] and not to the particular facts underlying [the offense]" in determining whether the offense qualifies as a crime of violence. *Descamps*, 570 U.S. at 260–61 (quoting *Taylor*, 495 U.S. at 600); *United States v. Burris*, 912 F.3d 386, 392 (6th Cir.) (en banc), *cert. denied,* 140 S. Ct. 90 (2019) (the categorical approach "prohibits federal sentencing courts from looking at the particular facts of the defendant's" offense of conviction.) If the offense can be committed without employing the use of force, it does not constitute a crime of violence.

Second, in reviewing the elements, the court must apply the "minimum-conduct rule," that is, focus on the "least culpable conduct" that could make the defendant guilty of the predicate crime. *United States v. Tsarnaev*, 968 F.3d 24, 102 (1st Cir. 2020).

Third, force "means violent force—that is, force capable of causing physical pain or injury to another person." *Johnson v. United States*, 559 U.S. 133, 140 (2010).

Fourth, as now made clear by *Borden*, the use of force itself must meet a level of intentionality greater than recklessness. In other words, if, under the predicate statute, violence may result from reckless, rather than intentional, conduct, the offense categorically fails to qualify as a crime of violence under the elements clause, even if other conduct is intentional. *Borden*, 141 S. Ct. at 1834. Several federal courts and the Government have accepted and applied that principle in *Borden's* wake. *See, e.g., Somers v. United States*, 15 F.4th 1049, 1051 (11th Cir.

2021) (certifying a question about the nature of the Florida assault statute to the Florida Supreme Court in light of *Borden* upon clarifying that if the offense can be committed without an intent to threaten violent force, it is not an ACCA violent felony); *United States v. Carter*, 7 F. 4th 1039, 1041 (11th Cir. 2021) (holding aggravated assault does not to qualify as a crime of violence under the ACCA in light of *Borden*) *United States v. Roof*, 10 F.4th 314, 399–400 (4th Cir. 2021) ("Thus, even if the statute governing the predicate offense requires that the proscribed conduct result in death, it must also indicate a higher degree of intent than reckless, negligent, or merely accidental conduct in order to satisfy the elements clause."); *United States v. Francisco Gonzales*, No. 21-2022 (10th Cir. July 21, 2021) (Doc. 010110551823 Brief of the Government) (conceding that, in light of *Borden*, aggravated assault with a deadly weapon is not a violent felony under Section 924(c) because it does not require an intentional mens rea).

    **A.    Because the offense of federal kidnapping resulting in death does not have an element that requires the intentional use of violent force, it is not a crime of violence.**

    **1.  Simple kidnapping is not a crime of violence.**

Kidnapping, as defined under 18 U.S.C. § 1201(a), does not have an element requiring the intentional use of violent force. Federal law defines kidnapping as an act committed when a person "unlawfully seizes, confines, inveigles, decoys, kidnaps, abducts, or carries away and holds for ransom or reward or otherwise any person," so long as the act involves specified federal interests. 18 U.S.C. § 1201(a).

The Sixth Circuit has held, and the Government concedes that simple kidnapping under Section 1201(a) is not a crime of violence. *Knight v. United States*, 936 F.3d 495, 498 (6th Cir. 2019); R. 46, PageID 1648 n.2.[3] This, then, must be considered a settled matter.

### 2. Kidnapping resulting in death is not a crime of violence.

Despite its concession that simple kidnapping is not a crime of violence, the Government nevertheless argues that the federal "kidnapping statute is . . . divisible into different offenses—kidnapping that does not result in death and kidnapping that does result in death." R. 46, PageID 1648. The Government then argues, on several bases, that kidnapping resulting in death remains a crime of violence.

The Government's argument lacks merit because the kidnapping resulting in death statute plainly does not require the intentional use of violent force as required under *Borden*; rather, the death can result from accident or recklessness.

Indeed, for more than forty years, courts have interpreted the phrase "resulting in death" as criminalizing conduct that includes reckless behavior. *United States v. Hayes*, 589 F.2d 811, 821 (5th Cir. 1979) ("No matter how you slice it, 'if death results' does not mean 'if death was intended.'"); *United States v. Tsarnaev*, 968 F.3d 24, 102 (1st Cir. 2020) (finding arson resulting in death is not a crime of violence because it can be committed recklessly); *United States. v. Piche,*

---

[3] Mr. Taylor raised some of these points more extensively in prior briefing. *See* R. 43.

981 F.2d 706, 711 (4th Cir.1992) (reiterating Circuit precedent that "resulting in death" occurs "foreseeably and naturally," not "directly and intentionally"); *United States v. McDuffy,* 890 F.3d 796,797–98 (9th Cir. 2018) (Even a death that occurs accidentally during a bank robbery satisfies the "resulting in death" element of 18 U.S.C. § 2113.)  The Supreme Court itself has said "resulting in death" imposes only "a requirement of but-for-causation[,]" and not the requirement of intent to use force. *Burrage v. United States*, 571 U.S. 204, 214 (2014).

More specifically, both the Fifth and Eighth Circuits have explicitly held that federal kidnapping resulting in death does not require the intentional use of physical force. *See United States v. Ross,* 969 F.3d 829, 839 (8th Cir. 2020) (kidnapping resulting in death can be committed with reckless disregard for human life),[4] *United States v. Montgomery*, 635 F.3d 1074, 1087 (8th Cir. 2011) (quoting *United States v. Barraza*, 576 F.3d 798, 807 (8th Cir. 2009)) (The act "requires only that 'the death of any person results' in the course of the kidnapping," not that it be intended.).  *Barraza*, 576 F.3d at 807 ("The statute does not require that the deaths result from voluntary and intentional conduct, only that 'the death of any person results' in the course of the kidnapping.") (quoting 18 U.S.C. § 1201(a)) *see also*

---

[4]  Before *Borden,* the Eighth Circuit denied relief in *Ross,* and a companion case, *United States v. King,* because of its belief that recklessness was a sufficient mens rea to deem an offense a crime of violence; however, after *Borden*, the Supreme Court granted certiorari in both cases, vacated the judgments and remanded to the Eighth Circuit for further consideration in light of *Borden. King v. United States*, __ S.Ct. ___, 2021 WL 4733284 (U.S. Oct. 12, 2021).

*Fulks v. United States*, 875 F. Supp. 2d 535, 588 (D.S.C. 2010) (kidnapping

resulting in death "*has no mens rea requirement.*") (emphasis added).

This Court must hold the same. In sum, because kidnapping resulting in

death can be committed with the reckless use of force, it cannot be deemed a crime

of violence after *Borden*.[5]

### B.     The Government's attempt to engraft Section 3591's threshold sentencing factors onto the statute of conviction makes no sense.

The Government's final argument is that capital kidnapping resulting in

death qualifies as a crime of violence because it has an intentional mens rea

---

[5] Though the Court's order limits this briefing to *Borden's* impact on Count four, *Borden* similarly affects the constitutionality of Count Two: use of a firearm in relation to carjacking. Under the standard put forth by *Borden*, the predicate crime of carjacking is not a crime of violence either. A carjacking may be committed with the reckless or negligent use of force and does not require that the "force and violence" referred to in Section 2119 be purposeful or knowing. As set forth in *Holloway v. United States*, 526 U.S. 1 (1999), carjacking requires only conditional intent to cause death or serious bodily injury should force be necessary to take possession of the car. This conditional intent does not require that force, attempted force, or the threat of force be used at all—much less used in a knowing, purposeful, or non-reckless manner. *Id.* In *Holloway*, the Supreme Court rejected the proposition that federal carjacking requires that the "defendant must possess a specific and unconditional intent to kill or harm in order to complete the proscribed offense" and held that the Section 2119 is not a statute that "focuses on attempting to harm or kill a person in the course of the robbery of a motor vehicle." Because carjacking requires only conditional intent and this conditional intent need not be accompanied by any force at all, the carjacking statute does not exclude the reckless use of force and does not pass muster under *Borden*. Just as argued regarding kidnapping, above, that death resulted from the carjacking does not change the analysis. The "death results" element does not require the use of force at all and certainly does not require force that this purposeful or knowing. Thus, Mr. Taylor's conviction in Count Two of the indictment should also be vacated.

element imported from 18 U.S.C. § 3591(a)(2). (R. 46, PageID 1651). This argument is nonsensical.

Section 3591(a)(2) is strictly a capital sentencing provision—part of the Federal Death Penalty Act (FDPA). It only operates during the penalty phase of a capital trial by imposing gateway requirements a jury can only consider after it has *already convicted* the defendant of a capital offense to determine if the defendant is eligible for death. Guilt or innocence is always determined first, without reference to § 3591. *See* 18 U.S.C § 3591(a)(2) (specifying that the threshold factors determination is made "at the hearing under section 3593"); 18 U.S.C. § 3593(b) (outlining the procedures for "a separate sentencing to determine the punishment to be imposed" that occurs *after* a finding of guilt).

This, then, is no more than a bootstrapping argument. A jury would first have to find the defendant guilty of an offense the government concedes is not a crime of violence, but the crime would then become a crime of violence if the jury found them guilty and the case then moved on to penalty phase. This argument is illogical, inconsistent with the relevant statutory provisions, and contrary to caselaw.

The First Circuit found this same line of reasoning unavailing in *Tsarnaev*, 968 F.3d at 102–03, last year. [6] There, the Court said that the Government's argument

---

[6] The grant of certiorari in *United States v. Tsarnaev*, No. 20-443 (U.S. Mar. 22, 2021), leaves this analysis undisturbed. *See United States v. Tsarnaev*, No. 20-443

overlooks the fact that the gateway factors are drawn from the FDPA, not the § 844(i) [arson, as defined in Title 18]. . . . And nowhere in § 844(i) does there appear an intent element. The government has pointed us to no authority suggesting that we can look beyond the statute of conviction to an unrelated statutory scheme – like the FDPA – to add elements to a crime for these purposes. . . . To convict [Tsarnaev] on . . . the predicates for the contested § 924(c) counts . . . the jurors did not have to find any of the gateway intent factors. Instead, they could convict even if he acted recklessly rather than intentionally. Had the penalty-phase jurors not found the gateway factors proven beyond a reasonable doubt, [Tsarnaev] could not have gotten a judgment of acquittal on those counts . . .

The same factors apply in Mr. Taylor's case. The Government's argument is no more persuasive here than it was in Tsarnaev's.

## II. Because Mr. Taylor's Conviction Under Count 4 Must Be Vacated, His Death Sentence Must Be Vacated As Well.

As was discussed in Mr. Taylor's initial brief, Mr. Taylor's death sentence cannot stand. Where, as here, "the jury did not make separate recommendations concerning the appropriate penalties for each count of conviction . . . it is impossible to say that the jury's penalty phase recommendations of the death penalty were not influenced by [the kidnapping resulting in death conviction]." *United States v. Causey*, 185 F.3d 407 (5th Cir. 1999) (vacating the death sentences and remanding for new sentencing hearings pursuant to 18 U.S.C. § 3593(b)(2)(D)).

(U.S. Oct. 6, 2020) (Petition for Certiorari) (seeking certiorari on questions unrelated to the First Circuit's analysis of crimes of violence).

## CONCLUSION

For all of the foregoing reasons, as well as those previously briefed, Mr. Taylor asks this Court to vacate his conviction on Count 4, vacate his death sentence, and grant him a new sentencing hearing.

Dated: December 6, 2021.

Respectfully Submitted,

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit

/s/ Amy D. Harwell
Amy D. Harwell, BPR # 018691
Assistant Chief, Capital Habeas Unit
Office of the Federal Public Defender for
the Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis J. Hoag
Alexis J. Hoag, BPR # 028712
Assistant Professor of Law
Brooklyn Law School
250 Joralemon Street, Rm 814
Brooklyn, NY 11201
(718) 780-0372
alexis.hoag@brooklaw.edu

*Counsel for Movant Rejon Taylor*

## CERTIFICATE OF SERVICE

I certify that on the 6th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
kelley_henry@fd.org