UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

REJON TAYLOR,
        Petitioner,

     v.

UNITED STATES OF AMERICA,
        Respondent.

No. 1:19-cv-147
Judge Collier

**BRIEF REGARDING THE APPLICATION
OF *BORDEN V. UNITED STATES***

Consistent with the Court's orders (Docs. 53, 60, Orders), the United States of America submits this brief regarding the effect, if any, of *Borden v. United States*, 141 S. Ct. 1817 (2021), on Taylor's pending § 2255 motion. *Borden* held that an offense requiring only a *mens rea* of recklessness cannot qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i). *Borden*, 141 S. Ct. at 1821-21. Taylor contends that the same rule applies to the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A), and that kidnaping resulting in death can be accomplished recklessly, such that his conviction and capital sentence for Count 4 must be vacated. (Doc. 58, Brief at 1.) The United States agrees that *Borden*'s reasoning applies to the definition of "crime of violence" in § 924(c)(3)(A) but disagrees with Taylor's conclusion that his 18 U.S.C. § 924(j) conviction on Count 4 lacks an underlying crime of violence.

Regardless of the effect *Borden* has on the ordinary offense of kidnaping resulting in death, Taylor was convicted of *capital* kidnaping resulting in death, meaning that the jury found at least one of the aggravating intent factors in 18 U.S.C. § 3591(a)(2), each of which requires proof of intentional rather than merely reckless conduct. As a result, *Borden* offers no basis to vacate Taylor's conviction on Count 4.

In its earlier brief regarding *United States v. Davis*, 139 S. Ct. 2319 (2019), the United States argued both that kidnaping resulting in death is a crime of violence (Doc. 46, Brief at 3-6) and, separately, that capital kidnaping resulting in death is a crime of violence (*id*. at 7-8). The first argument invoked then-controlling circuit precedent (now abrogated by *Borden*) for the proposition that reckless conduct is sufficient for a crime of violence; the second argument, *i.e.*, that capital kidnaping resulting in death necessarily involves intentional conduct causing the victim's death, is unaffected by *Borden*. Admittedly, when distinguishing kidnaping from kidnaping resulting in death, the United States did not explicitly distinguish capital kidnaping resulting in death from kidnaping resulting in death. (Doc. 46, Brief at 4.) That distinction has only become significant post-*Borden*.

As the United States previously argued, capital kidnaping resulting in death categorically has as an element—imported from 18 U.S.C. § 3591(a)(2)—the use, attempted use, or threatened use of physical force against the person or property of another, thus satisfying 18 U.S.C. § 924(c)(3)(A), because no defendant can be found to have committed that aggravated offense unless he intentionally used force capable of causing physical pain or injury against another person. *See In re Hall*, 979 F.3d 339, 345-46 (5th Cir. 2020) ("[a]ny offense that incorporates the elements of 18 U.S.C. § 3591(a)(2) is a crime of violence"). Specifically, a jury must find, beyond a reasonable doubt, at least one of four statutory aggravating intent factors, *i.e.*, the defendant *intentionally* killed the victim; *intentionally* inflicted serious bodily injury that resulted in the victim's death; *intentionally* participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person and the victim died as a result of the act; or *intentionally* and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person such that participation in the act

constituted a reckless disregard for human life and the victim died as a direct result of the act. *See* 18 U.S.C. §§ 3591(a)(2), 3593(e)(2). In this case, the jury found all four of those aggravating intent factors, *i.e.*, determining that Taylor engaged in intentional conduct that directly resulted in Guy Luck's death. (Case No. 1:04-cr-160, Doc. 760, Special Verdict at 2.)

That the jury found those factors during the capital sentencing phase of trial rather than the guilt phase is simply a byproduct of the procedures for federal capital sentencing and does not preclude the conclusion that capital kidnaping resulting in death has as an element the intentional use of physical force against the person of another. (*Contra* Doc. 58, Brief at 10.) In assessing whether a particular fact is an element of the offense or merely a sentencing factor, "the relevant inquiry is one not of form, but of effect—does the . . . finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Apprendi v. New Jersey*, 530 U.S. 466, 494 (2000). If so, the factual finding "fits squarely within the usual definition of an 'element' of the offense." *Id*. at 494 n.19. Any "aggravating circumstance necessary for imposition of the death penalty" is thus an element of the offense. *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *accord United States v. Lawrence*, 735 F.3d 385, 420 (6th Cir. 2013).

Taylor invokes *United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020), *cert. granted*, 141 S. Ct. 1683 (2021), for the proposition that § 3591(a)(2) is a separate statutory scheme that cannot be considered when assessing the elements of an offense. (Doc. 58, Brief at 10-11.) But *Tsarnaev* ignored the Supreme Court's decisions in *Apprendi* and *Ring*, which compel the conclusion that aggravating factors for a capital offense are an element of the offense of conviction. Moreover, Congress created other federal offenses whose elements are defined across multiple statutes. *E.g.*, *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (determining that an intent element listed in 18 U.S.C. § 924(a)(2) applies to violations of 18 U.S.C. § 922(g)).

Each factor listed in § 3591(a)(2) requires proof of intentional—not merely reckless—use of physical force against another person.  The first two factors require a defendant to have intentionally "killed" the victim or "inflicted serious bodily injury" resulting in death, while the other two factors require intentional participation in an "act" that directly resulted in the victim's death.  And although the final factor may involve recklessness with respect to the ultimate death, it still requires an intentional act of violence resulting in death, which cannot be committed without the intentional use of physical force.  *E.g.*, *In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) ("one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another").  All four of the aggravating factors enumerated in § 3591(a)(2) require the intentional use of physical force against the victim.  And the jury had to find beyond a reasonable doubt—and did so find—the existence of at least one of those aggravating factors in this case.

In sum, a conviction for capital kidnaping resulting in death necessarily requires proof beyond a reasonable doubt as to the additional element of intentional violence against another. *Borden*'s exclusion of reckless conduct offers no basis to vacate Taylor's convictions.

Respectfully submitted,

Francis M. Hamilton III
Acting United States Attorney

by: /s/ **Christopher D. Poole**
Christopher D. Poole
Assistant U.S. Attorney
1110 Market Street, Ste. 515
Chattanooga, Tennessee  37402
(423) 752-5140
Chris.Poole@USDOJ.GOV
TN BPR #019155