# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TENNESSE
## CHATTANOOGA DIVISION

REJON TAYLOR, )
)
*Movant,* )
)
v. )  Case No. 1:19-cv-00147-CLC
)
UNITED STATES OF AMERICA, )
)
*Respondent.* )

## MOVANT'S REPLY REGARDING THE APPLICABILITY OF
### *BORDEN V. UNITED STATES*

Movant Rejon Taylor submits this Reply in response to the Government's

Brief, Doc. No. 61, in further support of Mr. Taylor's initial Brief, Doc. No. 58,

regarding the applicability of *Borden v. United States*, 141 S. Ct. 1817 (2021). The

Government concedes, as it must, that kidnapping resulting in death is not a crime

of violence. Doc. No. 61, PageID 1702. In Mr. Taylor's initial *Borden* briefing, he

addressed why, as a general matter, the Government cannot import the intent

factors contained in § 3591 backwards from the sentencing phase to the

guilt/innocence phase of trial. *See* Doc. 58, PageID 1692–94. In sum, the Court

never instructed the jury at the guilt/innocence phase that the § 924(j) charge in

this case required a mens rea of intentional death. Therefore, it is impossible to

conclude that the jury convicted Mr. Taylor of an intentional death under § 924(j),

as required under *Borden*. In turn, the § 924(j) conviction is invalid and this Court

must vacate the conviction. And the Government cannot resurrect an invalid

conviction at the penalty phase via a § 3591 intent finding that only came after the conviction. Such an argument is antithetical to the categorical approach.

But even if, in the abstract, the Government *could* use these § 3591 factors to supply the necessary intent element, the factors would not do so under the unique circumstances of Mr. Taylor's prosecution and sentencing. That is because neither Mr. Taylor's indictment, nor the gateway factors the Government presented for the sentencing jury's consideration, tied the intent factors to a specific count for which the jury convicted Mr. Taylor. The jury did not consider nor determine whether those gateway factors applied to carjacking, or kidnapping, or the Sec. 924(j) offense. *See* Attachments A (indictment) and B (verdict forms.)

Accordingly, even if this Court were to conclude, as the Government urges, that the U.S. Court of Appeals for the First Circuit got things wrong in *United States v. Tsarnaev*, 968 F.3d 24 (1st Cir. 2020), the Government would still be unable to use the gateway factors to fill in the missing intent gap in Mr. Taylor's case because it is impossible to tie those factors to a specific offense. Under the circumstances, this Court must grant relief.

Dated: December 22, 2021.

Respectfully Submitted,

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit

/s/ Amy D. Harwell
Amy D. Harwell, BPR # 018691
Assistant Chief, Capital Habeas Unit

2

Office of the Federal Public Defender for
the Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis J. Hoag
Alexis J. Hoag, BPR # 028712
Assistant Professor of Law
Brooklyn Law School
250 Joralemon Street, Rm 814
Brooklyn, NY 11201
(718) 780-0372
alexis.hoag@brooklaw.edu

*Counsel for Movant Rejon Taylor*

## CERTIFICATE OF SERVICE

I certify that on the 222nd day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ Kelley J. Henry
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
kelley_henry@fd.org

3