UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 1:04-cr-160 |
| | ) | |
| REJON TAYLOR | ) | Judge Collier |
| | ) | |
| | ) | |

## SUPERSEDING INDICTMENT

## COUNT ONE

**18 U.S.C. Sections 2119(3) and 2(a) and (b)**
**Carjacking Resulting in Death**

The Grand Jury charges that on or about August 6, 2003, in the Eastern District of Tennessee, and elsewhere, REJON TAYLOR, the defendant, and Sir Jack Matthews, and Joey Montrez Marshall, aided and abetted by each other, with intent to cause death and serious bodily harm, did take and cause to be taken, by force, violence, and intimidation, from the person and presence of another, a motor vehicle that had been previously transported, shipped, and received in interstate commerce, and in committing the offense did cause the death of Guy Luck; in violation of Title 18, United States Code, Section 2119(3) and Title 18, United States Code, Sections 2(a) and (b).

## COUNT TWO

**18 U.S.C. Sections 924(j)(1) and 2(a) and (b)**
**Firearms Murder During and in Relation to Carjacking**

The Grand Jury further charges that on or about August 6, 2003, in the Eastern District of Tennessee, REJON TAYLOR, the defendant, and Sir Jack Matthews, and Joey Montrez Marshall, aided and abetted by each other, did knowingly use, carry, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, carjacking, as charged in Count One of this Indictment and incorporated fully herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and in the course of this violation caused the death of Guy Luck through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought and in the perpetration of kidnaping, did unlawfully kill Guy Luck by shooting him multiple times with the firearm wilfully, deliberately, maliciously, and with premeditation; in violation of Title 18, United States Code, Section 924(j)(1) and Title 18, United States Code, Sections 2(a) and (b).

2

## COUNT THREE
### 18 U.S.C. Sections 1201(a)(1) and 2(a) and (b)
### Kidnaping Resulting in Death

The Grand Jury further charges that on or about August 6, 2003, in the Eastern District of Tennessee, REJON TAYLOR, the defendant, and Sir Jack Matthews, and Joey Montrez Marshall, aided and abetted by each other, did willfully and unlawfully seize, confine, kidnap, abduct and carry away Guy Luck and did hold him for ransom, reward and otherwise, and did transport him in interstate commerce from Georgia to Tennessee, and in committing this offense, did cause the death of Guy Luck; all in violation of Title 18, United States Code, Section 1201(a)(1) and Title 18, United States Code, Sections 2(a) and (b).

3

## COUNT FOUR

**18 U.S.C. Sections 924(j)(1) and 2(a) and (b)**
**Firearms Murder During and in Relation to Kidnaping**

The Grand Jury further charges that on or about August 6, 2003, in the Eastern District of Tennessee, REJON TAYLOR, the defendant, and Sir Jack Matthews, and Joey Montrez Marshall, aided and abetted by each other, did knowingly use, carry, and discharge a firearm during and in relation to a crime of violence for which they may be prosecuted in a court of the United States, that is, kidnaping, as charged in Count Three of this Indictment and incorporated fully herein, in violation of Title 18, United States Code, Section 924(c)(1)(A)(iii), and in the course of this violation caused the death of Guy Luck through the use of a firearm, which killing is a murder as defined in Title 18, United States Code, Section 1111, in that the defendants, with malice aforethought and in the perpetration of kidnaping, did unlawfully kill Guy Luck by shooting him multiple times with the firearm wilfully, deliberately, maliciously, and with premeditation; in violation of Title 18, United States Code, Section 924(j)(1) and Title 18, United States Code, Sections 2(a) and (b).

4

<strong>SENTENCING ALLEGATIONS</strong><br>
<strong>AS TO COUNTS ONE, TWO, THREE and FOUR, 18 U.S.C. §§ 2119(3), 1201(a)(1),</strong><br>
<strong>924(j)(1)</strong>

1. The defendant, REJON TAYLOR, was more than 18 years of age at the time of the offense. (18 U.S.C. § 3591(a)).

2. The defendant, REJON TAYLOR, intentionally killed the victim. (18 U.S.C. § 3591(a)(2)(A)).

3. The defendant, REJON TAYLOR, and Sir Jack Matthews intentionally inflicted serious bodily injury that resulted in the death of the victim. (18 U.S.C. § 3591(a)(2)(B)).

4. The defendant, REJON TAYLOR, and Sir Jack Matthews and Joey Montrez Marshall intentionally participated in an act, contemplating that the life of a person would be taken and intending that lethal force would be used in connection with the person, other than one of the participants in the offense, and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(C)).

5. The defendant, REJON TAYLOR, and Sir Jack Matthews and Joey Montrez Marshall intentionally and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person, other than one of the participants in the offense, such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. (18 U.S.C. § 3591(a)(2)(D)).

6. The defendant, REJON TAYLOR:

    a. committed the offense during the commission of another crime, namely kidnaping in violation of Title 18, United States Code, Section 1201 (18 U.S.C. § 3592(c)(1));

5

b. committed the offense in the expectation of the receipt of anything of pecuniary value (18 U.S.C. § 3592(c)(8)).

c. knowingly created a grave risk of death to another person in addition to the victim of the offense during the commission of the offense; in violation of Title 18, United States Code, Section 1201 (18 U.S.C. § 3592(c)(5));

d. committed the offense after substantial planning and premeditation to cause the death of a person (18 U.S.C. § 3592(c)(9)).

A TRUE BILL

/s/ Foreperson
GRAND JURY FOREPERSON

JAMES R. DEDRICK
United States Attorney

By: /s/ Christopher D. Poole
    Steven S. Neff
    Christopher D. Poole
    Assistant U. S. Attorneys

6