IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | | |
|---|---|---|
| REJON TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-147-CLC-CHS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | **CAPITAL 2255 PROCEEDINGS** |
| | ) | |
| Respondent. | ) | |

## BRIEF IN SUPPORT OF CLAIMS 17 (b) AND (c)
## (DENIAL OF INDIVIDUALIZED SENTENCING VERDICT)

Rejon Taylor, through counsel, respectfully files this brief supporting his entitlement to relief as to claims 17(b) and (c) of his Motion for Collateral Relief to Vacate, Set Aside, or Correct Sentence and For a New Trial. R.1 at PageID 199-203. Below, Mr. Taylor demonstrates that failing to obtain separate sentencing verdicts for each count of the indictment denied him his constitutional rights to an unanimous individualized sentencing verdict, and due process as protected by the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.

## FACTUAL BACKGROUND

In 2008, a jury convicted Mr. Taylor of four offenses: (1) carjacking resulting in death under 18 U.S.C. § 2119; (2) use of a firearm during and in relation to carjacking, resulting in death, under 18 U.S.C. §§ 924(c) and (j); (3) kidnapping resulting in death, as defined by 18 U.S.C. § 1201(a);  and (4) use of a firearm during and in

relation to kidnapping, resulting in death under 18 U.S.C. §§ 924(c) and (j). *United States v. Taylor,* 1:04-cr-00160, R. 58 at PageID 1685. Because of structural error in the eligibility and selection phase instructions and verdict forms, the jury returned a single sentence for all four counts in the indictment without identifying a particular count to which it was attaching the death sentence, or whether it was recommending death based on one or more of his convictions. *Id.*, R. 670, 760.

The verdict forms in the guilt phase of the trial are in tension with the verdict forms in the eligibility phase verdict forms. As to the two firearms convictions, the jury did *not* find Petitioner's conduct to be "wilful (sic), deliberate, malicious, and premeditated." *Id.,* R. 670. In the eligibility phase, the jury found that Mr. Taylor acted intentionally, but that finding is not tied to any count in the indictment. *Id.,* R. 760.

The jury struggled to reach a penalty phase verdict. The jury twice questioned the court what would happen if they could not reach a verdict in the selection phase. *Id.*, R. 762 at 8, 12.  The jurors' questions and verdict forms suggest there was a lack of unanimity as to all counts in the indictment and each special question as to each count. The error is structural and not subject to harmless error review. Had the jury been instructed to consider punishment as to each count individually and to render sentence as to each count separately, there is a reasonable probability that at least one juror would have voted against a sentence of death, resulting in sentences less than death.

I.   The Constitution and the Federal Death Penalty Act ("FDPA") require individualized sentencing as to each capital count in the indictment.

It is well-established that defendants in capital cases have a right to individualized sentencing. This concept was first described by the Court in *Woodson v. North Carolina*, 428 U.S. 280 (1976). In *Woodson*, the Court held that mandatory death sentences unconstitutional. The Court wrote:

> While the prevailing practice of individualizing sentencing determinations generally reflects simply enlightened policy rather than a constitutional imperative, we believe that in capital cases the fundamental respect for humanity underlying the Eighth Amendment, *see Trop v. Dulles*, 356 U.S., at 100, 78 S.Ct., at 597 (plurality opinion), requires consideration of the character and record of the individual offender *and the circumstances of the particular offense* as a constitutionally indispensable part of the process of inflicting the penalty of death.

428 U.S. at 304 (emphasis added). The Court repeated this constitutional mandate in *Lockett v. Ohio*, 438 U.S. 586 (1978) and *Eddings v. Oklahoma*, 455 U.S. 104 (1982).

To meet constitutional muster, the Court's jurisprudence requires a death penalty scheme to have a narrowing function (often called eligibility) and a selection phase. *Tuilaepa v. California*, 512 U.S. 967 (1994).

Consistent with these constitutional requirements, the FDPA provides that death penalty cases proceed in three phases: a guilt phase, an eligibility phase, and a selection phase. 18 U.S.C. § 3593.  The FDPA, which is found at Title 18, Chapter 228, speaks in singular terms. There is no mention of aggregate sentencing. And for good reason. A defendant cannot receive an individualized sentence for each offense

if the sentence is bundled together. Such a practice creates an unacceptable risk that a jury will unfairly weigh the aggravation by accumulating counts, rather than consider each count individually.

Further, the Supreme Court holds that the constitution requires the jury's finding of death eligibility be made by a jury, unanimously, beyond a reasonable doubt. *Ring v. Arizona*, 536 U.S. 534 (2002); *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Eligibility is specific to each count in the indictment.

II.     The omnibus verdict fails to meet constitutional and statutory requirements.

Here, the jury's eligibility decision which is inconsistent with its first phase verdict is evidence there was not juror unanimity as to eligibility for each count. The practical implication is that if the jury has been asked to render an eligibility verdict as to each count, they may have not been unanimous as to any one count. There is simply no evidence in the record that the jury unanimously found Mr. Taylor to be eligible for the death penalty as to every count. For example, 6 jurors could have said yes as to count 1 and no to Counts 2-4. 2 Jurors for Count 3 and no to the remaining counts. And so on. There are endless possible combinations of juror votes which could have ended up as a total of twelve for a single verdict form. But that is not how death penalty cases work. Where the issue is eligibility, as here, that failure voids the sentencing verdict. *United States v. Causey*, 185 F. 3d 407, 423 (5th Cir. 1999).

The general verdict as to the selection phase is equally infirm. The jury was required to weigh the aggravation of a single offense against the mitigation. Instead, they weighed the aggravation of four offenses against the mitigation. This gave the

aggravation unfair weight. We know this had an impact. The jury struggled with its decision. The jury deliberated during multiple days at sentencing. On October 15, the jurors sent a note requesting guidance about how to handle mitigating factors:

**COMMUNICATIONS WITH THE COURT**

We need to know more about mitigators as stated on the Special Verdict Form. We are confused about how to mark that form. Could we have more explanation?

Foreperson

10-15-08    2:15 PM

Date and Time

R. 762, PageID # 8520. On October 21, the jurors sent two notes indicating that they were not unanimous. At 11:15, the foreman wrote:

**COMMUNICATIONS WITH THE COURT**

If the jury cannot reach a unanimous decision, what then?

Foreperson

10-21-08       11:15
Date and Time

*Id.*, Page ID 8525. Three hours later, the jurors were still not unanimous.

**COMMUNICATIONS WITH THE COURT**

If we truly cannot get a unanimous decision, will this be declared a mistrial? Will the guilty verdict be null & void?

Foreperson

10-21-08       2:40
Date and Time

*Id.*, Page ID# 8529. Based on the record, the fact that the jury was faced with a young defendant with no prior record of violence in a case that is not especially aggravated, there is a reasonable probability that at least one juror would have voted for life, instead of death, had the jury been properly instructed.

III.     Rejon Taylor's capital sentence must be vacated, and a new trial ordered.

Because we cannot say for certain that the jury was unanimous in its eligibility or selection phase verdict as to any one count, the single capital sentence must be vacated. *Causey*, 185 F. 3d at 423. The error here is structural. A structural error is not merely an error in the trial process but goes to the framework of the trial itself. *Arizona v. Fulminante*, 429 U.S. 279 (1991). Errors whose harm is impossible to measure have been deemed structural error. *United States v. Gonzalez-Lopez*, 548 U.S. 140, 149 (2006). As in *Causey*, we cannot measure the error because it is impossible to recreate what happened during jury deliberations.

Moreover, the verdict and judgment as to sentence are void because there was no verdict as to each offense as charged in the indictment.

Even if the Court ruled that the error is subject to harmless error review, the error cannot be deemed harmless, given the inconsistencies in the verdict forms and evidence of lack of juror unanimity for a significant period.

CONCLUSION

Mr. Taylor requests this Court vacate his death sentence and order a new sentencing hearing.

Dated: November 14, 2022

Respectfully submitted,

/s/ *Kelley Henry*
Kelley J. Henry, BPR # 021113
Supervisory Assistant Federal Public
Defender, Capital Habeas Unit

/s/ Amy D. Harwell
Amy D. Harwell, BPR # 018691
Assistant Chief, Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis Hoag-Fordjour
Alexis Hoag-Fordjour, BPR # 028712
Assistant Professor of Law
Brooklyn Law School
250 Joralemon Street, Rm 814
Brooklyn, NY 11201
718.780.0372
alexis.hoag@brooklaw.edu

<u>CERTIFICATE OF SERVICE</u>

I certify that on the 14th day of November, 2022, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Kelley Henry*
Kelley J. Henry, BPR #021113
Supervisory Asst. Federal Public Defender,
Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee

8

810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265
Email: Kelley_Henry@fd.org