UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

REJON TAYLOR,
        Petitioner,

v.

UNITED STATES OF AMERICA,
        Respondent.

No. 1:19-cv-147
Judge Collier

# BRIEF REGARDING THE APPLICATION
# OF *UNITED STATES V. DAVIS*

Consistent with the Court's order (Doc. 74, Order), the United States of America submits this brief in response to Taylor's brief challenging this Court's earlier decision regarding the applicability of *United States v. Davis*, 139 S. Ct. 2319 (2019), to this case. (*See* Doc. 75, Updated Brief; Doc. 63, Memorandum Opinion & Order.) The United States maintains that capital kidnaping resulting in death is a crime of violence under 18 U.S.C. § 924(c)(3)(A).

## FACTUAL AND PROCEDURAL HISTORY

On August 6, 2003, Taylor, aided by Sir Jack Matthews and Joey Marshall, carjacked and kidnaped Guy Luck from Georgia, transported him to a rural area in Tennessee, fatally shot him, and left him to die. *United States v. Taylor*, 814 F.3d 340, 345 (6th Cir. 2016). In 2008, a jury convicted Taylor of carjacking resulting in death, in violation of 18 U.S.C. § 2119(3) (Count 1); murder by use of a firearm during and in relation to a crime of violence, *i.e.*, the carjacking in Count One, in violation of 18 U.S.C. § 924(j) (Count 2); kidnaping resulting in death, in violation of 18 U.S.C. § 1201(a)(1) (Count 3); and murder by use of a firearm during and in relation to a crime of violence, *i.e.*, the kidnaping in Count Three, in violation of 18 U.S.C. § 924(j) (Count 4). (Case No. 1:04-cr-160, Doc. 670, Verdict; Doc. 790, Judgment.)

The district court's jury instructions presumed that carjacking and kidnaping were crimes of violence within the meaning of § 924(c).[1] (*E.g.*, Case No. 1:04-cr-160, Doc. 868, Trial Transcript at 1735-37, 1744 (stating, in relevant part, that "[a] person is guilty of this offense if he, in the course of committing a crime of violence, murders a person through the use of a firearm. For you to find defendant guilty of the offense charged in Count 4, the government must prove . . . beyond a reasonable doubt . . . [that] defendant committed the kidnaping charged in Count 3 . . ."). Taylor did not contest whether those offenses were crimes of violence, likely because "each crime qualified as a crime of violence as a matter of law under § 924(c)(3)(B)." *Taylor*, 814 F.3d at 376. Congress had defined "crime of violence" in two alternative provisions. The first defines "crime of violence" as a felony that "has as an element the use, attempted use, or threatened use of physical force against the person or property of another." 18 U.S.C. § 924(c)(3)(A). The second encompasses any felony "that[,] by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3)(B).

While Taylor's direct appeal was pending, the Supreme Court decided that the residual clause of the Armed Career Criminal Act was unconstitutionally vague. *Johnson v. United States*, 135 S. Ct. 2551 (2015). Taylor argued that the same reasoning equally invalidated § 924(c)(3)(B), but the Sixth Circuit rejected his argument, and the Supreme Court declined to grant certiorari. *Taylor*, 814 F.3d at 376-79, *cert. denied*, 138 S. Ct. 1975 (2018).

---

[1] "[A]ny person who, during and in relation to any crime of violence . . . , uses or carries a firearm" shall be sentenced "in addition to the punishment provided for such crime of violence." 18 U.S.C. § 924(c)(1)(A). And "[a] person who, in the course of a violation of subsection (c), causes the death of a person through the use of a firearm" shall be punished by death or imprisonment if the killing is a murder as defined in 18 U.S.C. § 1111. 18 U.S.C. § 924(j). Because § 924(j) incorporates § 924(c), determinations about the constitutionality and proper interpretation of § 924(c) also apply to § 924(j).

The following year, in *Davis*, the Supreme Court invalidated the second definition of "crime of violence" as unconstitutionally vague. 139 S. Ct. at 2336. In the meantime, Taylor had filed a timely § 2255 motion which alleged, as relevant here, that his § 924(j) convictions are invalid because § 924(c) is unconstitutionally vague. (Doc. 1, § 2255 Motion at 187.)

Taylor argued that his conviction on Count 4 was invalid because the charged predicate crime of violence—kidnaping resulting in death—categorically fails to qualify as a crime of violence under § 924(c)(3)(A). (Doc. 43, Brief at 7-17.) He also argued that his death sentence must be vacated, because the jury imposed a single verdict of death as to all four convictions. (*Id*. at 17-22 (discussing Case No. 1:04-cr-160, Doc. 760, Special Verdict); *see also* Doc. 46, Brief.) After *Borden v. United States*, 141 S. Ct. 1817 (2021), which held that an offense requiring only a *mens rea* of recklessness cannot qualify as a violent felony under 18 U.S.C. § 924(e)(2)(B)(i), the parties agreed that *Borden*'s reasoning likewise applied to the definition of "crime of violence" in 18 U.S.C. § 924(c)(3)(A). (Doc. 58, Brief at 1; Doc. 61, Brief at 1.) Taylor argued that kidnaping resulting in death could be accomplished recklessly; the United States responded that Taylor had been convicted of *capital* kidnaping resulting in death and that each of the aggravating-intent factors in 18 U.S.C. § 3591(a)(2), which were found by the jury, require proof of intentional rather than merely reckless conduct. (Doc. 61, Brief.)

The Court opined that kidnaping resulting in death under 18 U.S.C. § 1201(a) categorically qualifies as a crime of violence under 18 U.S.C. § 924(c)(3)(A) because, in its view, the "minimum conduct criminalized by kidnaping resulting in death under § 1201(a) . . . is knowing conduct." (*E.g.*, Doc. 63, Memorandum Opinion & Order at 52.) Taylor contests that ruling, citing *United States v. Taylor*, 142 S. Ct. 2015 (2022), and *United States v. Ross*, Nos. 18-2800, 18-2877, 2022 WL 4103064 (8th Cir. Sept. 7, 2022). (Doc. 75, Updated Brief.)

3

# ARGUMENT

As the United States previously argued, capital kidnaping resulting in death categorically has as an element—imported from 18 U.S.C. § 3591(a)(2)—the use, attempted use, or threatened use of physical force against the person or property of another, thus satisfying 18 U.S.C. § 924(c)(3)(A), because no defendant can be found to have committed that aggravated offense unless he intentionally used force capable of causing physical pain or injury against another person. *See In re Hall*, 979 F.3d 339, 345-46 (5th Cir. 2020) ("[a]ny offense that incorporates the elements of 18 U.S.C. § 3591(a)(2) is a crime of violence"). Specifically, a jury must find, beyond a reasonable doubt, at least one of four statutory aggravating intent factors, *i.e.*, the defendant *intentionally* killed the victim; *intentionally* inflicted serious bodily injury that resulted in the victim's death; *intentionally* participated in an act, contemplating that the life of a person would be taken or intending that lethal force would be used in connection with a person and the victim died as a result of the act; or *intentionally* and specifically engaged in an act of violence, knowing that the act created a grave risk of death to a person such that participation in the act constituted a reckless disregard for human life and the victim died as a direct result of the act. *See* 18 U.S.C. §§ 3591(a)(2), 3593(e)(2). In this case, the jury found all four of those aggravating intent factors, *i.e.*, determining that Taylor engaged in intentional conduct that directly resulted in Guy Luck's death. (Case No. 1:04-cr-160, Doc. 760, Special Verdict at 2.)

That those factors appear in a different statute does not alter their status as elements. *E.g.*, *Rehaif v. United States*, 139 S. Ct. 2191, 2194 (2019) (determining that an intent element listed in 18 U.S.C. § 924(a)(2) applies to violations of 18 U.S.C. § 922(g)). Similarly, the fact that the jury found those factors during the capital sentencing phase of trial rather than the guilt phase is merely a byproduct of the procedures for federal capital sentencing; it does not preclude

the conclusion that capital kidnaping resulting in death has as an element the intentional use of physical force against the person of another. In assessing whether a particular fact is an element of the offense or a sentencing factor, "the relevant inquiry is one not of form, but of effect—does the . . . finding expose the defendant to a greater punishment than that authorized by the jury's guilty verdict?" *Apprendi v. New Jersey*, 530 U.S. 466, 494 (2000). If so, the factual finding "fits squarely within the usual definition of an 'element' of the offense." *Id*. at 494 n.19. Any "aggravating circumstance necessary for imposition of the death penalty" is thus an element of the offense. *Ring v. Arizona*, 536 U.S. 584, 609 (2002); *accord United States v. Lawrence*, 735 F.3d 385, 420 (6th Cir. 2013).

Each factor listed in § 3591(a)(2) requires proof of intentional—not merely reckless— use of physical force against another person. The first two factors require a defendant to have intentionally "killed" the victim or "inflicted serious bodily injury" resulting in death, while the other two factors require intentional participation in an "act" that directly resulted in the victim's death. And although the final factor may involve recklessness with respect to the ultimate death, it still requires an intentional act of violence resulting in death, which cannot be committed without the intentional use of physical force. *E.g.*, *In re Irby*, 858 F.3d 231, 238 (4th Cir. 2017) ("one cannot unlawfully kill another human being without a use of physical force capable of causing physical pain or injury to another"). All four of the aggravating factors enumerated in § 3591(a)(2) thus require the intentional use of physical force against the victim. The jury had to unanimously find beyond a reasonable doubt the existence of at least one of those aggravating factors, and the verdict makes clear that the jury found all four of those aggravating factors. (Case No. 1:04-cr-160, Doc. 760, Special Verdict.) Taylor's conviction for capital kidnaping resulting in death thus had, as an element, intentional violence against another.

5

The Supreme Court's recent decision in *Taylor* does not change that analysis. (*Contra* Doc. 75, Updated Brief at 4.) After all, the Supreme Court "reiterated" that courts are to review "the elements of the underlying crime." (*Id*. (quoting *Taylor*, 142 S Ct. at 2024-25).) Although *Taylor* may seem to weaken some of the reasoning in the Court's prior decision (*e.g.*, Doc. 75, Updated Brief at 9), it does not in any way undermine the United States's argument that *capital* kidnaping resulting in death was and remains a crime of violence. Taylor argues at length about the separate offense of kidnaping resulting in death (*e.g.*, *id.*, at 12-13) and the Eighth Circuit's decision that kidnaping resulting in death is not a crime of violence (*id*. at 13-14), but Taylor was not convicted of mere kidnaping resulting in death, but in the capital variant of that offense, which has additional elements, as discussed above.

For the foregoing reasons, as well as those set forth in the United States' earlier brief (Doc. 61), the Court should hold that Taylor's conviction on Count Four for capital kidnaping resulting in death was and remains a crime of violence under 18 U.S.C. § 924(c)(3)(A).

    Respectfully submitted,

    Francis M. Hamilton III
    United States Attorney

by: *s/ Christopher D. Poole*
    Christopher D. Poole
    Assistant U.S. Attorney
    1110 Market Street, Ste. 515
    Chattanooga, Tennessee 37402
    (423) 752-5140
    Chris.Poole@USDOJ.GOV
    TN BPR #019155