IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
CHATTANOOGA DIVISION

| | | |
|---|---|---|
| REJON TAYLOR, ) | | |
|        Petitioner, ) | | |
| ) | | |
| ) | | |
| v. ) | No. 1:19-cv-147-CLC | |
| ) | | |
| UNITED STATES OF AMERICA, ) | **CAPITAL 2255 PROCEEDINGS** | |
|        Respondent. ) | | |
| ) | | |

**REPLY IN SUPPORT OF
REJON TAYLOR'S BRIEF REGARDING THE APPLICATION OF
*UNITED STATES V. DAVIS* TO HIS CASE**

This Court's finding that kidnapping resulting in death qualifies as a crime of violence under 18 U.S.C. § 924(c)'s elements clause is invalid in light of the Supreme Court's recent decision in *United States v. Taylor*, 142 S. Ct. 2015 (2022), and the United States Court of Appeals for the Eighth Circuit's recent decision in *United States v. Ross*, No. 18-2800, 2022 WL 4103064 (8th Cir. Sept. 7, 2022). Without explicitly conceding that Mr. Taylor is correct, the Government implicitly does so by failing to address the impact of these recent legal developments, and instead reasserting an argument this Court already rejected.

**I.    Capital sentencing factors are not elements of the predicate offense and cannot supply the necessary *mens rea* to convert an otherwise non-qualifying crime into a crime of violence under the force clause.**

The Government uses most of its response reiterating a position it took in prior briefing, arguing *capital* kidnapping resulting in death is distinguishable from

noncapital kidnapping resulting in death, with the former requiring proof of intentional conduct under the Federal Death Penalty Act's ("FDPA") statutory intent factors listed in 18 U.S.C. § 3591(a)(2). *See* R. 81 at PageID # 1887–88; *see also* R. 46 at PageID # 1651 (Gov't Brief Regarding the Application of *United States v. Davis*) (arguing that where "kidnapping resulting in death is charged as a capital offense, the jury cannot return a verdict of death unless it necessarily found" an aggravating factor requiring intentional conduct under Section 3591(a)(2)); *see also* R. 61 at PageID # 1701 (Gov't Supplemental Brief Regarding the Applicability of *Borden v. United States*) (stating that Mr. Taylor was "convicted of capital kidnapping resulting in death, meaning that the jury found at least one aggravating intent factors of 18 U.S.C. § 3491(a)(2), each of which requires proof of intentional rather than reckless conduct"). Despite the Government's consistent position, as this Court has already determined, the Government cannot bootstrap capital sentencing factors into the elements of Section 1201(a) in order to meet a use of force showing. *See* R. 63 at PageID # 1779–82.

It its May 2022 Order, this Court plainly rejected the Government's call to import statutory intent factors from the FDPA into Section 1201(a), noting that doing so "would appear to run afoul of the categorical approach, which the Supreme Court has explained requires courts to focus on the statutory elements of a *conviction*." *Id.* at PageID # 1781. This Court further remarked it "does not find the Government's argument persuasive, and it declines to 'look beyond the statute of conviction to an unrelated statutory scheme–like the FDPA–to add elements to' § 1201(a)." *Id.* at

2

PageID # 1782 (internal citation omitted). Thus, the Government's position that "capital kidnapping resulting in death categorically has as an element–imported from 18 U.S.C. § 3591(a)(2)–the use, attempted use, or threatened use of physical force," thereby qualifying as a crime of violence, continues to be without merit.

## II. *United States v. Taylor* and *United States v. Ross* invalidate this Court's denial of relief.

Since this Court's May 2022 decision, the United States Supreme Court and the United States Court of Appeals for the Eighth Circuit decided *United States v. Taylor*, 142 S.Ct. 2015 (2022), and *United States v. Ross*, 2022 WL 4103064 (8th Cir. Sept. 7, 2022), respectively—two significant opinions, which abrogate this Court's decision denying Mr. Taylor's *Davis*-claim as to Count Four. In its response, the Government fails to meaningfully engage with these recent legal developments and their impact on Mr. Taylor's case.

In just a single paragraph, the Government addresses *Taylor* and *Ross*. In first addressing *Taylor*, the Government argues that *Taylor* "does not in any way undermine the United States' argument that *capital* kidnapping resulting in death was and remains a crime of violence." R. 81 at PageID # 1889 (internal citations omitted). Similarly, in addressing *Ross*, the Government notes that the Eighth Circuit's decision that kidnapping resulting in death is not a crime of violence has no bearing on Mr. Taylor's case, because "he was not convicted of mere kidnapping resulting in death, but in the capital variant of that offense, which has additional elements." *Id.* (internal citations omitted). In reaching the conclusion that these recent legal developments are not relevant to Mr. Taylor's case, the Government

3

relies solely on its position that capital kidnapping resulting in death is somehow distinguishable from noncapital kidnapping resulting in death for categorical approach purposes. Again, this Court has already rejected that argument. By engaging with recent jurisprudence only as it relates to previously rejected arguments, the Government has tacitly conceded that *Taylor* and *Ross* apply as Mr. Taylor has argued.

Indeed, *Taylor* and *Ross* are game changers. To begin, in *Taylor*, the Supreme Court held that attempted Hobbs Act robbery is not a crime of violence under Section 924(c)(3)(A)'s elements clause. 142 S. Ct. 2015. In reaching this conclusion, the Supreme Court outright rejected the realistic probability test for federal offenses, and instead, held that if the "the elements of the underlying crime" do not align with the "crime of violence" definition, then the inquiry must come to end, and the crime categorically fails to qualify as a crime of violence. *Id.* at 2024–25.

Because this Court largely relied on the realistic probability test in holding that kidnapping resulting in death qualifies as a crime of violence, its decision has now been fatally undermined. Specifically, this Court, leaning on the Supreme Court's decision in *Gonzalez v. Duenas-Alvarez*, 549 U.S. 183, 185–89 (2007), found that no realistic probability exists that kidnapping resulting in death would be prosecuted for (1) non-violent force, or (2) accidental/reckless force because the defense could not point to a case in which one has been prosecuted for kidnapping resulting in death in either of these ways. R. 63 at PageID # 1764–76. The Court held as such even though it did not dispute that it is possible to commit kidnapping

4

resulting in death by non-violent force or reckless/accidental force. Thus, this Court's crime of violence finding directly contravenes *Taylor* and this Court must correct it. Notably, even the Government concedes that "*Taylor* may seem to weaken some of the reasoning in the Court's prior decision." R. 81 at PageID # 1889. *See also United States v. Bowers,* No. 2:18-CR-292-DWA, 2022 WL 195819 (W.D. Pa. Jan. 20, 2022) (finding that Hate Crimes Act violation is no longer a crime of violence after *Taylor* due to the demise of the realistic probability test).

In *Taylor*, one of the Government's central arguments was that no realistic probability exists that the Government would prosecute anyone for attempted Hobbs Act robbery based on an attempted threat of force—conduct which the Supreme Court ultimately held does not constitute a crime of violence. 142 S. Ct. at 2024. As part of its argument, the Government asserted that the defense did not cite to a single case in which a defendant was prosecuted for attempted Hobbs Act robbery based solely on an attempted threat of force. *Id*. The Supreme Court, however, firmly rejected the Government's argument and, in so doing, threw out the realistic probability test altogether for federal offenses. The Supreme Court described multiple problems with the test, including the "oddity of placing a burden on the defendant to present empirical evidence about the government's own prosecutorial habits" and "the practical challenge such a burden would present" when most cases end in pleas and are not available on Westlaw or Lexis. *Id*.

But the most significant obstacle for the Court was that the realistic probability test contravenes the categorical approach. The categorical approach

5

merely looks at "whether the government must prove, as an *element* of its case, the use, attempted use, or threatened use of force." *Id.* (emphasis in original). As the Supreme Court held, § 924(c)(3) "asks only whether the elements of one federal law align with those prescribed in another." *Id.* at 2025. It is thus error to look beyond the elements and "say[] that a defendant must present evidence about how his crime of conviction is normally committed or usually prosecuted." *Id.* at 2024.

Therefore, in *Taylor*, the Supreme Court eliminated the realistic probability test from the crime of violence analysis—at least for federal offenses. In so doing, the Court acknowledged that it previously applied a limited version of the realistic probability test in *Gonzalez v. Duenas-Alvarez*, 549 U.S. at 185-89, to determine whether a prior *state* offense qualified as a generic theft. *Id.* at 2024–25. But, the Court explained, *Duenas-Alvarez* arose out of federalism concerns not relevant to the interpretation of federal statutes: "[I]t made sense to consult how a state court would interpret its own State's laws. … Meanwhile no such federalism concern is in play here. The statute before us [§ 924(c)(3)(A)] asks only whether the elements of one federal law align with those prescribed in another." *Id.* at 2025.

Applying the *Taylor* framework, the elements of kidnapping resulting in death do not align with § 924(c)'s elements clause because the crime can be committed with either non-violent force or reckless/accidental force—both of which are excluded under the § 924(c) crime of violence definition. Because the possibility exists that a kidnapping resulting in death can be committed these ways, the inquiry ends.


6

Accordingly, kidnapping resulting in death categorically fails to qualify as a crime of violence.

*Ross* provides additional support that kidnapping resulting in death is not a crime of violence. In *Ross*, the government took the position that kidnapping resulting in death is not a crime of violence in light of *Borden v. United States*, 141 S. Ct. 1817 (2021), and the Eighth Circuit subsequently held as much. 2022 WL 4103064, at *1. This decision should apply the same here because as discussed above, the "crime of violence" analysis does not change merely because Mr. Taylor was sentenced to death. Mr. Taylor was convicted of the same § 924(j) crime (based on the same predicate offense of kidnapping resulting in death). Thus, if *Ross's* § 924(j) conviction is void after *Borden*, so is Mr. Taylor's conviction.

Notably, just last month in a capital case out of the District of Maryland, the government conceded that the crime of kidnapping resulting in death is not a crime of violence in *United States v. Lighty et al*, No. 8:03-cr-457-PJM-1 (D. Md. Dec. 5, 2022); *see also United States v. Flood*, No. 8:03-cr-457-PJM-3, R. 668 (Gov't Resp.) at 9–10 (D. Md. Dec. 1, 2022) ("The Government now concedes that kidnapping resulting in death also does not qualify as a predicate offense, adhering to its position in *United States v. Ross*.) (internal citations omitted). Importantly, in *Lighty*, the Government acknowledged the *Ross*-decision, noting that "the government's concession in *Ross* was made after it consulted with the Department of Justice's Office of the Solicitor General ('OSG'). Here, the Government similarly concedes that kidnapping resulting in death is not categorically a crime of violence under Section 924(c) because it is

7

bound by OSG's legal position." *Lighty,* No. 8:03-cr-457-PJM, R. 671 (Gov't Supplemental Resp.) at 4. *Lighty* calls into question the position the Government takes here, as it appears that OSG's legal position, which is binding on the Government, is that kidnapping resulting in death is not categorically a crime of violence, in both capital and non-capital cases.[1]

## Conclusion

For the foregoing reasons, and those in Mr. Taylor's prior briefing, this Court should set aside Rejon Taylor's conviction in Count IV, and vacate his death sentence, pursuant to *United States v. Davis.*

Dated: January 20, 2023

> Respectfully submitted,
>
> /s/ *Kelley J. Henry*
> Kelley J. Henry, BPR # 021113
> Supervisory Assistant Federal Public
> Defender, Capital Habeas Unit
>
> /s/ Amy D. Harwell
> Amy D. Harwell, BPR # 018691
> Assistant Chief, Capital Habeas Unit
> Office of the Federal Public Defender for the
> Middle District of Tennessee
> 810 Broadway, Suite 200
> Nashville, TN 37203
> 615.736.5047

---

[1] *See* Role of the Solicitor Gen., 1 U.S. Op. Off. Legal Couns. 228, 231, 234 (1977) (explaining that one role of the Solicitor General is that she or he "must coordinate conflicting views within the executive branch" and that his or her "judgment must be permitted to be dispositive in the ordinary course;" "[o]nce the Solicitor General has taken a position with respect to a pending case, that position will, in most cases, become the Government's position as a matter of course").

8

amy_harwell@fd.org
kelley_henry@fd.org

/s/ Alexis Hoag-Fordjour
Alexis Hoag-Fordjour, BPR # 028712
Assistant Professor of Law
Brooklyn Law School
250 Joralemon Street, Rm 814
Brooklyn, NY 11201
718.780.0372
alexis.hoag@brooklaw.edu

# CERTIFICATE OF SERVICE

I certify that on the 20th day of January, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Kelley J. Henry*
Kelley J. Henry, BPR #021113
Supervisory Asst. Federal Public Defender,
Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265
Email: Kelley_Henry@fd.org