IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

REJON TAYLOR,

    Movant,

    v.

UNITED STATES OF AMERICA,

    Respondent.

)
)
)
)
)
)
)
)
)
)

No. 1:19-CV-147-CLC-CHS

**CAPITAL 2255 PROCEEDINGS**

---

## NOTICE OF SUPPLEMENTAL AUTHORITY IN SUPPORT OF UPDATED BRIEF IN SUPPORT OF THE APPLICATION OF *UNITED STATES V. DAVIS* TO REJON TAYLOR'S CASE

---

Movant, Rejon Taylor, by counsel notifies this Honorable Court of supplemental authority supporting his claim that his convictions for firearms convictions relating to kidnapping resulting in death and carjacking resulting in death are unconstitutional under *United States v. Davis*, 139 S.Ct. 2319 (2019), and *United States v. Taylor*, 142 S.Ct. 2015 (2022), and must be vacated. Further, because his sentence of death is a general verdict, his death sentence must also be set aside. The supplemental authority is as follows:

1.    In *United States v. Jeffery William Paul*, Case No. 6:96-cr-60022-TLB-1 (E.D. Ark. Oct. 18, 2023), the Government announced its intention to withdraw its request for the death penalty and Mr. Paul was sentenced to life imprisonment by agreement of the parties. Exhibit A, Notice of No Seek, and Exhibit B, Amended Judgment.

2. Mr. Paul's case is materially indistinguishable from Mr. Taylor's case. Paul was charged by superseding indictment with aiding and abetting first degree murder and use of firearm during a crime of violence resulting in death. Exhibit C, Paul Indictment. Mr. Paul and a co-defendant abducted their victim, shot him, drug him into the Hot Springs National Forest, and took all of the cash out of his wallet. Exhibit D, *Paul v. Superintendant*, Case No. 2:13-cv-00304-JMS-MJD (S.D. Ind. (August 2, 2022) (Order granting relief).

3. Paul's firearms' conviction was vacated by order of the United States District Court for the Southern District of Indiana because robbery is not a crime of violence under *Borden v. United States*, 141 S.Ct. 1817 (2021). Paul had to meet a higher standard of review than Movant here because Paul's claim was brought under the savings clause of 28 U.S.C. Sec. 2241. Exhibit D, Paul Order granting relief.

4. Given the strong similarities in the two cases, the recent decision of the government to abandon the death penalty in the Paul case is persuasive authority that this Court should vacate counts 2 and 4 of the indictment in this case and vacate the capital sentence. Equitable principles require no less as the disparate treatment of the two cases is otherwise inexplicable.

Dated: October 26, 2023

Respectfully submitted,

/s/ *Kelley Henry*
Kelley J. Henry, BPR # 021113

Chief, Capital Habeas Unit
Assistant Chief, Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
615.736.5047
kelley_henry@fd.org

/s/ Alexis Hoag-Fordjour
Alexis Hoag-Fordjour, BPR # 028712
Assistant Professor of Law
Brooklyn Law School
250 Joralemon Street, Rm 814
Brooklyn, NY 11201
718.780.0372
alexis.hoag@brooklaw.edu

## CERTIFICATE OF SERVICE

I certify that on the 26th day of October, 2023, I electronically filed the foregoing with the Clerk of the Court using the ECF system, which sent notification of such filing to all counsel of record.

/s/ *Kelley Henry*
Kelley J. Henry, BPR #021113
Supervisory Asst. Federal Public Defender,
Capital Habeas Unit
Office of the Federal Public Defender for the
Middle District of Tennessee
810 Broadway, Suite 200
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265
Email: Kelley_Henry@fd.org