REJON TAYLOR,       )
    *Petitioner*,       )
            )
v.       )       No: 1:19-cv-147-CLC-CHS
            )
UNITED STATES OF AMERICA,       )
    *Respondent*.       )

# **O R D E R**

On April 16, 2025, the undersigned held a status conference in this matter. Attorneys Debra Breneman and Frank Clark appeared on the Government's behalf, and Attorney Kelley Henry appeared on behalf of Petitioner. As this Court indicated in its April 14, 2025 order, former President Joseph R. Biden commuted Petitioner's death sentence to a life sentence without the possibility of parole. [Doc. 106; *see* Case No. 1:04-cr-160-CLC-CHS-1, Doc. 1082 (Executive Grant of Clemency)]. At the conference, the Court therefore inquired into the status of this case, the claims Petitioner raises in his Motion for Collateral Relief under 28 U.S.C. § 2255 [Doc. 1], and the issues he raises in his briefs [Docs. 75, 76, 88, 89]. *See Chafin v. Chafin*, 568 U.S. 165, 172 (2013) ("There is [] no case or controversy, and a suit becomes moot, when the issues presented are no longer live[.]" (internal quotation marks and citations omitted)); *see also Demis v. Sniezek*, 558 F.3d 508, 512 (6th Cir. 2009) ("This case-or-controversy requirement subsists through all stages of federal judicial proceedings[.]" (internal quotation marks and citation omitted)). Ms. Henry informed the Court that Petitioner's challenge to his death sentence and his claims relating to the penalty-phase of his trial are moot.

Accordingly, Petitioner is **ORDERED** to file an amended Motion for Collateral Relief no later than **Friday**, **July 11, 2025**. In the amended motion, Petitioner **SHALL** indicate:

- with respect to the claims he pleaded in his initial Motion for Collateral Relief [Doc. 1], which claims are now moot and which claims still present a live "case or controversy," *Chafin*, 568 U.S. at 172;

- with respect to the issues he raises in his briefs [Docs. 75, 76, 88, 89], which issues are now moot and which issues still present a live case or controversy; and

- whether the caselaw he submitted in his "Notice[s] of Supplemental Authority in Support of Updated Briefs" [Docs. 92, 93] is still relevant to the issue of whether Petitioner's "conviction under Count Four" is valid [Doc. 75 at 1; *id*. at 16 (requesting "that this Court set aside his conviction under Cou[n]t Four")].[1]

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE

---

[1] Under count four, the jury convicted Petitioner of using a firearm during, and in relation to, a crime of violence—i.e., kidnapping resulting in death—in violation of 18 U.S.C. § 924(c)(1)(A)(iii). [Case No. 1:04-cr-160-CLC-CHS-1, Doc. 670 (verdict form)]. Petitioner contests the Court's May 27, 2022 ruling that kidnapping resulting in death, in violation of 18 U.S.C. § 1201(a)(1), is a crime of violence under the elements clause of § 924(c)(3)(A). [*See* Doc. 75 at 1 (requesting that the Court "alter" its May 27, 2022 decision)].