**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF TENNESSEE**
**AT CHATTANOOGA**

REJON TAYLOR,                          )
    *Petitioner*,                    )
                               )        No. 1:19-cv-147-CLC-CHS
v.                                     )
                               )
UNITED STATES OF AMERICA,               )
    *Respondent*.                   )

**O R D E R**

Before the Court is Petitioner's Motion for Extension of Time to File the Amended Motion for Collateral Relief [Doc. 109]. On April 16, 2025, the undersigned held a status conference in this matter. During the conference, Petitioner's counsel—Kelley Henry—informed the Court that her client's challenge to his death sentence and claims relating to the penalty phase of his trial in his original Motion for Collateral Relief [Doc. 1] are moot.[1] Accordingly, the Court ordered Petitioner to file an amended Motion for Collateral Relief no later than Friday, July 11, 2025 [Doc. 108 at 1]. Petitioner, through counsel, now moves the Court for an additional sixty days, "up to and including September 9, 2025," to file his amended Motion for Collateral Relief [Doc. 109-1 at 1(Proposed Order)].

Petitioner asserts that an extension is necessary for a few reasons. First, he states that Ms. Henry needs additional time to "provide the court with fulsome briefing" due to the complex issues of law in this case [Doc. 109 at 1]. Second, Ms. Henry, he explains, is counsel for approximately half of the men on Tennessee's death row, "several of whom have execution dates" scheduled this year [*Id*.]. And currently, she is "in the midst of several active cases challenging the

---

[1] As the Court indicated in its previous orders [*See* Docs. 106, 108], former President Joseph R. Biden commuted Petitioner's death sentence to a life sentence without the possibility of parole [*See* Case No. 1:04-cv-160-CLC-CHS-1, Doc. 1082 (Executive Grant of Clemency)].

constitutionality of" Tennessee's execution protocol [*Id.*]. Lastly, Petitioner insists that an extension is necessary because the Federal Public Defender for the Middle District of Tennessee's Capital Habeas Unit, which Ms. Henry oversees [*Id.* at 1], is understaffed due to a hiring freeze, "thus requiring additional work" for Ms. Henry [*Id.* at 2].

Under Rule 6 of the Federal Rules of Civil Procedure, a "court may, for good cause," permit an extension "if a request is made[] before the original time" expires. Fed. R. Civ. P. 6(b)(1)(A). "[T]he primary measure of the 'good cause' standard" under Rule 6(b)(1)(A) "is the moving party's diligence in attempting to meet the deadlines, though courts may also consider prejudice to the nonmoving party." *Layman v. United Parcel Serv., Inc.*, No. 3:17-CV-738, 2019 WL 1966123, at *3 (W.D. Ky. May 2, 2019) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 623, 625 (6th Cir. 2002)). Here, the Court finds good cause to permit an additional sixty-day extension because Petitioner's motion for extension is timely, and his counsel's reasons for an extension are well taken. In addition, the Court sees no foreseeable prejudice in permitting an extension because Petitioner indicates that the Government does not object to his motion [Doc. 109 at 2].

Accordingly, it is hereby **ORDERED** that:

1. Petitioner's Motion for Extension of Time to File the Amended Motion for Collateral Relief [Doc. 109] is **GRANTED**.

2. Petitioner **SHALL** "have up to and including" **Tuesday**, **September 9, 2025**, to file his amended Motion for Collateral Relief [Doc. 109-1 at 1].

**SO ORDERED.**

/s/ *Christopher H. Steger*
UNITED STATES MAGISTRATE JUDGE