UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| **REJON TAYLOR,**<br>**Petitioner,**<br><br>**v.**<br><br>**UNITED STATES OF AMERICA,**<br>**Respondent.** | **No. 1:19-cv-147**<br>**Judge Collier** |

**RESPONSE IN OPPOSITION TO MOTION FOR DISCOVERY**

The United States opposes Taylor's motion for discovery (Doc. 125) ostensibly related to his amended motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255 (Doc. 111).

A habeas petitioner is "not entitled to discovery as a matter of ordinary course," *Bracy v. Gramley*, 520 U.S. 899, 904 (1997), but a court has discretion to permit discovery in § 2255 proceedings upon a showing of "good cause." *See* Rule 6, Rules Governing Section 2255 Proceedings ("[a] judge may, for good cause, authorize a party to conduct discovery"). Good cause exists where a petitioner specifically articulates a nonfrivolous claim *and* demonstrates the indispensability of the requested materials to the resolution of that claim. *E.g., Thomas v. United States*, 849 F.3d 669, 680 (6th Cir. 2017); *Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012); *Hoover v. United States*, 416 F.2d 431, 432 (6th Cir. 1969). Discovery is not authorized if a petitioner does not present "specific allegations showing reason to believe that the facts, if fully developed, may lead the district court to believe that federal habeas relief is appropriate." *Post v. Bradshaw*, 621 F.3d 406, 425 (6th Cir. 2010) (quoting *Lott v. Coyle*, 261 F.3d 594, 602 (6th Cir. 2001)); *accord Smorynski v. United States*, No. 16-2042, 2017 WL 4014974, at *5 (6th Cir. May 4, 2017) (affirming a determination that a § 2255 petitioner "was not entitled to discovery because he failed to identify how the specific evidence that he sought[,]

if fully developed, would demonstrate his entitlement to relief."). "The burden of demonstrating the materiality of the information requested is on the moving party." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (internal citation omitted).

Significantly, "Rule 6 does not sanction fishing expeditions based on . . . conclusory allegations." *Williams v. Bagley*, 380 F.3d 932, 974 (6th Cir. 2004) (quoting *Rector v. Johnson*, 120 F.3d 551, 562 (5th Cir. 1997); *see also United States v. Cuya*, 964 F.3d 969, 973 (11th Cir. 2020) (stating that, "while § 2255 proceedings are civil in nature, discovery in habeas actions is *more limited* than in other civil cases") (emphasis original).

Taylor asks this Court to order the United States to produce all of its "notes, documents, memoranda, or reports from its preparation for and during voir dire at . . . [his] trial." (Doc. 125, Motion at 1.) His § 2255 motion alleged that his attorneys were constitutionally ineffective for not accusing the prosecutors of exercising peremptory challenges based on race, in violation of *Batson v. Kentucky*, 476 U.S. 79 (1986). (Doc. 111, Amended § 2255 Motion at 64-65.) And to show that counsel rendered objectively deficient performance and that he suffered prejudice as a result, Taylor must necessarily establish that the prosecution did, in fact, violate *Batson*. But he has not made even a *prima facie* showing as required by *Batson*.

Taylor asserts that he has identified a black prospective juror excused by the United States (*i.e.*, R.W.) whose responses on the jury questionnaire and during voir dire were allegedly "similar or identical to the answers of" six white individuals not stricken by the United States. (Doc. 125, Motion at 3-4.) He thus contends that the United States exercised "at least one" peremptory challenge in a non-race-neutral manner. (*Id.*) To be sure, a "*Batson* violation may be shown by disparate treatment of white and non-white jurors," *if* "the only material distinction between the removed black individuals and the retained white individuals is their race." *United*



Case 1:19-cv-00147-CLC-CHS Document 137 Filed 10/13/26 Page 2 of 6 PageID #: 4019

*States v. Ferguson*, No. 24-5765, 2026 WL 2655156, at *12 (6th Cir. Sept. 9, 2026) (internal brackets omitted). But Taylor has not established that the only material distinction between R.W. and the other individuals was their race. And he seems to concede that he cannot prove a *Batson* violation on the existing record; that is why he demands access to the government's "notes, documents, memoranda, or reports." (Doc. 125, Motion at 1-2 (describing the evidence as "necessary to investigate and further establish [his] *Batson* claims").)

In Taylor's view, a § 2255 petitioner has established good cause for discovery so long as he has "alleged . . . the claim to be proven" and "asked for probative evidence." (*Id*. at 3 (discussing *Bracy v. Gramley*, 520 U.S. 899 (1997)).) He is mistaken. The Supreme Court held that the petitioner in *Bracy*—who sought federal habeas review of his state convictions and death sentence—had shown good cause for discovery regarding a claim of judicial bias because he had *already* established the following facts:

- the trial judge, Maloney, had recently been tried and convicted in federal court of taking bribes from defendants in criminal cases;
- before becoming a judge, Maloney was "a criminal defense attorney with close ties to organized crime who often paid off judges in criminal cases";
- the petitioner did not pay any bribe to Maloney;
- the petitioner's murder trial was "sandwiched tightly between" other murder trials that Maloney had "fixed" after accepting bribes—*i.e.*, the petitioner's trial "coincided with bribe negotiations in the Chow case" and occurred two months after "the Rosario murder case, which was also fixed" by Maloney;
- the petitioner's trial attorney was "a former associate of Maloney's in a law practice that was familiar and comfortable with corruption"; and
- the petitioner's trial attorney "announced that he was ready for trial just a few weeks" after Maloney had appointed him to represent the petitioner in a capital case.

*Bracy*, 520 U.S. at 906-09. The petitioner theorized that his trial judge had some "compensatory, camouflaging bias" against him (because he had not paid a bribe and because the judge may have

wanted to "avoid being seen as uniformly and suspiciously 'soft' on criminal defendants"), and he specifically alleged that his trial attorney may have been motivated to go to trial quickly so the petitioner's convictions could "deflect any suspicion" from two other murder cases in which Maloney had recently accepted bribes and issued acquittals. *Id*. at 905. Because the petitioner had presented sufficient evidence to rebut the ordinary presumption that the judge had properly discharged his official duties, and because the petitioner made specific allegations suggesting actual judicial bias in his own case, the Supreme Court concluded that the petitioner was entitled to some discovery regarding Maloney's misconduct. *Id*. at 908-09 (noting that the "scope and extent" of that discovery was within the district court's discretion). Stated another way, "*Bracy* held that the habeas petitioner could conduct discovery to attempt to prove specific allegations of misconduct that he had already identified and supported with some evidence." *Ivory v. United States*, No. 3:18-cv-537, 2023 WL 1973198, at *4 (M.D. Tenn. Feb. 13, 2023).

Here, by contrast, Taylor has not made a *prima facie* showing of any *Batson* violation, nor offered any evidence to rebut the presumption that his prior attorneys' choice not to allege such a violation was within the bounds of constitutionally sufficient representation. *See*, *e.g.*, *Munguia v. United States*, No. 1:04-cr-122, 2013 WL 5306192, at *21-22 (E.D. Tenn. Sept. 20, 2013) ("The conduct of defense counsel during voir dire and jury selection is a matter of trial strategy."). "Beyond mere speculation, [he] provides no evidence" to support his claims. *Thomas v. United States*, 849 F.3d 669, 681 (6th Cir. 2017) (denying discovery as to an alleged *Brady* violation for that reason). Taylor must also show a reasonable probability that, had a contemporaneous *Batson* claim been raised, it would have been successful and the outcome of his trial would have been different and more favorable to him. *Munguia*, 2013 WL 5306192, at *21 (discussing the prejudice prong of *Strickland*'s test for ineffectiveness claims). Taylor

cannot make that showing, given the compelling evidence of his role in the carjacking and murder of Guy Luck.

In short, Taylor assumes that the United States excused one or more black prospective jurors for racially motivated reasons and that his prior attorneys were constitutionally ineffective for not objecting on that basis; he now seeks discovery in hopes that it may reveal evidence to support his assumptions. But he is not entitled to "a fishing expedition masquerading as discovery." *Stanford v. Parker*, 266 F.3d 442, 460 (6th Cir. 2001); *see also Deputy v. Taylor*, 19 F.3d 1485, 1493 (3d Cir. 1994) (denying a habeas petitioner discovery on *Batson* claims and quoting, with approval, cases holding that petitioners "are not entitled to go on a fishing expedition through the government's files in hopes of finding some damaging evidence"). Even in cases where prosecutors "used a disproportionate number of peremptory strikes to remove black jurors," courts have deemed that "wholly insufficient to establish 'good cause'" for further discovery; "[t]o hold otherwise would allow every federal habeas petitioner who can satisfy the first prong of the three-part *Batson* test to conduct broad discovery." *Wiggins v. Boyette*, No. 3:05-cv-346, 2008 WL 504099, at *2 (W.D.N.C. Feb. 20, 2008). Here, too, Taylor has not shown that the requested discovery is indispensable to the resolution of any substantive claim in his § 2255 motion.

For the foregoing reasons, the Court should decline to order the requested discovery.

[Signature Line on Following Page]

Respectfully submitted,

Francis M. Hamilton III
United States Attorney

By: *s/Christopher D. Poole*
Christopher D. Poole, BPR #019155
Assistant United States Attorney
1110 Market Street, Suite 515
Chattanooga, Tennessee 37402
christopher.poole@usdoj.gov
(423)752-5140