IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| REJON TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-147-CLC-CHS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**REPLY IN SUPPORT OF PETITIONER'S MOTION TO AUTHORIZE DISCOVERY**

---

Petitioner Rejon Taylor submits this Reply in response to the Government's Response in Opposition to Motion for Discovery (Doc. 137) and in further support of his Motion to Authorize Discovery. Doc. 125.

Mr. Taylor moves this Honorable Court for leave to conduct discovery relevant to Mr. Taylor's *Batson* and related ineffective assistance of counsel (IAC) claims. Mr. Taylor specifically requests production of the Government's notes, documents, memoranda, and reports from its preparation for and during voir dire at Mr. Taylor's trial, including all notes prior to voir dire, such as background investigation

conducted on prospective and selected jurors, and all notes and information gathered on prospective and selected jurors up until the jury was sworn in.

Pursuant to Rule 6(a) of the Rules Governing § 2255 Proceedings, the district court may allow a habeas petitioner the opportunity to conduct discovery "where specific allegations before the court show reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is confined illegally and is therefore entitled to relief." *Thomas v. United States*, 849 F.3d 669, 680–81 (6th Cir. 2017) (citing *Harris v. Nelson*, 394 U.S. 286, 300 (1969)); *see also Cornell v. United States*, 472 F. App'x 352, 354 (6th Cir. 2012) (holding that the district court abused its discretion and the petitioner was entitled to discovery because he provided the court with "reason to believe that [he] *may* be able to demonstrate entitlement to relief if the facts are fully developed."). A petitioner is not entitled to discovery when he presents "bald assertions and conclusory allegations." *Id.* at 681.

Contrary to *Bracy v. Gramley*, 520 U.S. 899 (1998), the Government contends both that "[g]ood cause exists where a petitioner demonstrates the indispensability of the requested materials to the resolution of that

claim," (Doc. 137 at 1) and that Mr. Taylor cannot establish good cause because he "seems to concede that he cannot prove a *Batson* violation on the existing record; that is why he demands access to this requested material." Doc. 137 at 3. To establish good cause, *Bracy* does not require a petitioner to prove a claim on the existing record before receiving discovery. *See Bracy,* 520 U.S. at 908–09 (holding that good cause is established when a petitioner makes specific factual allegations that show that he may be able to demonstrate that he is entitled to relief if the facts are fully developed).

Here, Mr. Taylor meets the *Bracy* requirements. In Mr. Taylor's Motion to Authorize Discovery, he set out the elements for his *Batson* and related IAC claims and made specific allegations that demonstrate good cause for discovery of this requested information. *Id.* at 908-909.

In his motion, Mr. Taylor put forth extensive evidence that demonstrates that at his trial the Government struck at least one prospective Black juror because of their race, in violation of *Batson.* This evidence included a thorough review of prospective Juror R.W.'s responses to the juror questionnaires and during voir dire that did not reflect any nonracially motivated reason for the use of a preemptory

strike by the Government. Mr. Taylor also provided evidence of this *Batson* violation through an in-depth comparison of R.W.'s answers in the questionnaires and voir dire with six accepted White jurors who provided similar or identical answers to R.W. Doc. 125 at 5–10. The only material distinction between R.W. and the six accepted White jurors was their race. Thus, Mr. Taylor provided sufficient evidence to support his specific allegations that the Government exercised at least one preemptory strike of a prospective juror for a non-race neutral reason. This was a clear violation of the rule of *Batson,* resulting in a structural error. *See U.S. v. Kimbrel*, 532 F.3d 461, 469 (6th. Cir. 2008); *United States v. McFerron,* 163 F.3d 952, 955−56 (6th Cir.1998).

The Government ignores the extensive evidence Mr. Taylor provided in his motion and instead of addressing any of the facts Mr. Taylor put forth, contends that "beyond mere speculation, [Mr. Taylor] provides no evidence to support his claims.". Doc. 137 at 4 (citation omitted). As discussed above, Mr. Taylor's motion for discovery clearly outlines several facts that support his claims.

Mr. Taylor also sufficiently alleged his IAC claim with regard to the *Batson* violation by setting out the elements of the claim with specific

allegations to support this discovery request. *See Strickland v. Washington*, 466 U.S. 688 (1984) (establishing the constitutional test to determine whether a defendant received ineffective assistance of counsel in violation of the Sixth Amendment). As Mr. Taylor previously asserted in his motion for discovery, trial counsel failed to object to the Government's racially motivated use of preemptory strikes, failed to require the Government to provide a nonracially motivated justification for the strikes, and failed to request a ruling from the Court as to whether the Government's strike violated *Batson*. Further, defense counsel failed to show that prospective Black juror R.W.'s answers on his questionnaires and in voir dire were similar or identical to the answers of several White jurors who the prosecution accepted. *See Snyder v. Louisiana*, 552 U.S. 472 (2008) (finding *Batson* violation despite facially race-neutral justification where White jurors with same quality were not excused). Counsel's failure to object to the dismissal of R.W. violated the prevailing professional norms for the defense. Additionally, Mr. Taylor reasserts his claim that appellate counsel was ineffective in failing to raise the *Batson* issue on direct appeal. *Evitts v. Lucey*, 469 U.S. 387, 396–97 (1985).

Mr. Taylor sufficiently alleges the elements of his *Batson* and related IAC claims pursuant to *Bracy*. *See Bracy*, 520 U.S. at 908–09. And, as demonstrated above, Mr. Taylor has made specific allegations that support this discovery request. *Id*. Additionally, without discovery, Mr. Taylor cannot get this requested information that only the Government possesses. Mr. Taylor "*may* be able to demonstrate entitlement to relief if the facts are fully developed" and this Court should permit him to engage in this discovery. *Cornell*, 472 F. App'x at 354.

For the foregoing reasons, Mr. Taylor has demonstrated good cause for discovery for this information. Mr. Taylor respectfully moves this Court to grant this motion.

Dated this 27th day of October 2026.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR THE MIDDLE DISTRICT OF TENNESSEE
CAPITAL HABEAS UNIT

AMY D. HARWELL
First Assistant Federal Public Defender

SAMANTHA N. BARRY
Asst. Federal Public Defender



Case 1:19-cv-00147-CLC-CHS Document 138 Filed 10/27/26 Page 6 of 7 PageID #: 4029

164 Rosa L. Parks Blvd.
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265

BY: */s/Samantha N. Barry*

## CERTIFICATE OF SERVICE

I certify that on this 27th day of October 2026, a copy of the foregoing was filed and served via the Court's CM/ECF system on all counsel for Respondent.

*/s/Samantha N. Barry*
Assistant Federal Public Defender