IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE

| | | |
|---|---|---|
| REJON TAYLOR, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 1:19-CV-147-CLC-CHS |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

---

**UNOPPOSED RENEWED MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL**

---

Petitioner Rejon Taylor, by counsel, moves this Honorable Court, unopposed, for leave to file the juror questionnaires, voir dire transcripts, and jury panel challenge forms from Mr. Taylor's underlying criminal trial under seal.[1] Mr. Taylor's discovery motion (Doc. 125) requires these documents.

The Court denied, without prejudice, Mr. Taylor's Motion for Leave to File Documents Under Seal (Doc. 124) and now instructs Mr. Taylor to

[1] The jury panel challenge forms have already been filed under seal in the Sixth Circuit. *See* Peremptory Challenge Forms at A-263–64 in Sealed Appendix at 233, *United States v. Taylor*, No. 5517 (6th Cir. Oct. 1, 2013).

"show why 'the public's interest in access is outweighed by specific and compelling harm which would result if the information at issues were filed in the open record.'" Doc. 136 (quoting Doc. 135 at 3). The Court further suggested that Mr. Taylor should "show why the seal itself is no broader than necessary." Doc. 136 (quoting *Shane Grp., Inc. v. Blue Cross Blue Shield Mich*, 825 F.3d 299, 306).

As to the finding required by *Shane Group*, Mr. Taylor is moving to seal these documents only to comply the Court's Order, the federal rules, the local rules, and the binding legal precedent. Mr. Taylor has no interest at stake in the sealing of the documents, rather he moves to do so only in light of the rules. *See* Fed. R. Civ. P. 5.2; E.D. Tenn. L.R. 83.12; and E.D. Tenn. L.R. 83.3.

In light of the Court's Memorandum and Order (Docs. 136 and 136) counsel for Mr. Taylor conferred with the Government to ensure that the parties are following the Court's Order and protecting the non-party jurors' confidential information as they are required to do. The parties understand that "agreement by the parties that information is . . . protected personal information . . . alone, does not meet the standard required to file information under seal." Doc. 135 at 4.

First, the Federal Rule of Civil Procedure 5.2 requires personal identifying information of non-parties to be redacted. Rule 5.2 states, in relevant part, that:

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> - the last four digits of the social-security number and taxpayer-identification number; [and]
> - the year of the individual's birth . . . .

Fed. R. Civ. P. 5.2. Accordingly, Mr. Taylor is required, at the very least, to file these documents with the first five digits of the jurors' social security numbers redacted and the months and dates of the jurors' birth redacted. It is counsel's understanding that Rule 5.2 does not require a movant to meet the *Shane Group* standard.

In support of sealing the documents in their entirety, the Government pointed counsel to:

> The E-Government Act of 2002, Pub. L. 107-347, § 205(c)(3), 116 Stat. 2899, 2914 (2002), directed the Supreme Court and the Judicial Conference of the United States to establish rules "for uniform treatment of privacy and security issues throughout the Federal courts." https://www.govinfo.gov/content/pkg/PLAW-107publ347/pdf/PLAW-107publ347.pdf

> The Judicial Conference decided that "documents containing identifying information about jurors or potential jurors" in criminal cases, among other things, "shall not be included in the public case file and should not be made available to the public at the courthouse or via remote electronic access." https://www.uscourts.gov/privacy-policy-electronic-case-files.

Additionally, Local Rules 83.12 and 83.3 seem to require sealing of these documents. The parties believe the local rules are dispositive here. Local Rule 83.12 states:

> Names and personal information concerning petit and grand jurors shall not be disclosed to attorneys, parties, the public or the media, except as provided herein.
>
> Names and personal information concerning persons who have been entered in the jury wheel shall not be disclosed, except upon order of the Court. Names and personal information concerning prospective and sitting petit jurors shall not be disclosed to the public or media outside open court, except upon order of the Court.
>
> A request for disclosure of petit juror names and personal information to the media or public must be made to the presiding judge.

E.D. Tenn. L.R. 83.12.

Under Local Rule 83.3: "Counsel shall endeavor to protect the private or personal information of jurors and witnesses, such as the identification of minors, financial account information, home addresses,

and social security numbers, to the extent practicable." E.D. Tenn. L.R. 83.3.

Local Rules 83.12 and 83.2 appear to conflict with Federal Rule of Civil Procedure 5.2. If Mr. Taylor were to follow Rule 5.2 and file the documents with the first five digits of the jurors' social security numbers and the months and dates of the jurors' birth redacted, the jurors' personally identifying information including, but not limited to their full names, home addresses, occupations, and last four digits of their social security numbers would be on the public record. All of which seem to violate Local Rules 83.12 and 83.2.

Following Rule 5.2 would allow for redactions instead of sealing the entire document, as less than 50% of the documents would need to be sealed. Under the local rule, the entirety of the documents need to be sealed.

Both parties agree that the jurors' personal information must be protected in some capacity. It appears that the local rules require sealing of these documents. Based on the foregoing, Mr. Taylor respectfully requests that this Honorable Court grant this unopposed motion to seal

the juror questionnaires, voir dire transcripts, and jury panel challenge forms.

In the alternative, if the Court does not agree that the juror questionnaires, voir dire transcripts, and the jury panel challenge forms must be sealed, Mr. Taylor requests leave to file a renewed motion to file these documents with only the redactions required by Federal Rule of Civil Procedure 5.2.[2]

Dated this 29th day of October 2026.

Respectfully submitted,

FEDERAL PUBLIC DEFENDER FOR THE MIDDLE DISTRICT OF TENNESSEE
CAPITAL HABEAS UNIT

AMY D. HARWELL
First Assistant Federal Public Defender

SAMANTHA N. BARRY
Asst. Federal Public Defender

164 Rosa L. Parks Blvd.
Nashville, TN 37203
Phone: (615) 736-5047
Fax: (615) 736-5265

[2] The Government opposes this request and insists these documents should be sealed in their entirety.

BY: *<u>/s/Samantha N. Barry</u>*

**<u>CERTIFICATE OF SERVICE</u>**

I certify that on this 29th day of October 2026, a copy of the foregoing was filed and served via the Court's CM/ECF system on all counsel for Respondents.

*<u>/s/Samantha N. Barry</u>*
Assistant Federal Public Defender